### HENRY F. JOHNSON *vs.* PETER FAY.

The *St.* of 1857, *c.* 298, § 13, confirming titles to real estate, in which the wife of the grantor failed to join in releasing the right of homestead, is constitutional and valid as against the grantor.

The exception in the *St.* of 1857, *c.* 298, § 13, of rights acquired "prior to the passage of this act," does not include rights acquired after its approval by the governor and before it took effect.

BILL IN EQUITY by the assignee in insolvency of Warren Parmenter, under proceedings commenced on the 4th of June 1857, to redeem land occupied by Parmenter and his family as a homestead from 1847 until the 13th of October 1857, subject to two mortgages, in the first of which, dated October 1st 1855, to secure payment of the sum of $ 1256, his wife released all her rights of homestead, and in the second of which, dated November 10th 1856, she did not. The question whether the plaintiff could redeem without paying the amount due on the second mortgage was reserved by *Hoar,* J. for the determination of the full court.

*F. H. Dewey,* for the plaintiff.

*H. Chapin & A. Dadmun,* for the defendant.

BIGELOW, C. J. It is not necessary in the present case to determine whether any homestead right exists in a right to redeem lands mortgaged to an amount exceeding eight hundred dollars, when the wife has joined with her husband in the conveyance to the mortgagee, and released her right of homestead in the premises. The validity of the mortgage which the plaintiff seeks to set aside does not depend on the decision of this question. He contends that the second mortgage on the premises is invalid upon the ground that the wife of the insolvent did not join with her husband in the deed of conveyance, according to the provisions of the *St.* of 1855, *c.* 238, § 5; and in support of this position he cites and relies on *Richards* v. *Chace,* 2 Gray, 383. But the difficulty in maintaining this proposition arises from the provision in the *St.* of 1857, *c.* 298, § 13, by which all titles to real estate in a homestead farm or

lot, held under conveyances in which the wife failed to join, are confirmed and established, subject to the wife's right of dower and homestead thereon, "except where parties, other than the grantees in such conveyances or those claiming under them, have, prior to the passage of this act, acquired rights in said real estate, by attachments, levy on execution, descent, devise, purchase or otherwise." In the present case, the plaintiff's title accrued on the commencement of the proceedings in insolvency, June 4th 1857. The act containing the confirmatory clause above cited passed on the 30th of May, five days preceding. The second mortgage held by the defendant was thereby confirmed and rendered valid as against the plaintiff, who took his title as assignee subsequently to and with implied notice of this provision of the statute. The plaintiff does not come within the exception contained in the confirming clause, because he did not acquire his title prior to the passage of the act, by which we understand the time when it had passed through the various stages rendered necessary by the provisions of the constitution to make it a valid statute, and been approved and signed by the governor.

The right of the legislature to enact the provision, above cited, confirming titles created by conveyances of a homestead farm or lot, in which the wife did not join, was fully considered in *Wildes* v. *Van Voorhis*, 15 Gray, 139, and its validity was there recognized and affirmed.

It follows that the second mortgage is valid, and that the plaintiff is not entitled to redeem the estate, except on payment of the amount due on both mortgages with interest.

*Decree accordingly.*