LARABEE FLOUR MILLS CO. v. NEE, Collector of Internal Revenue, et al., and thirty-eight other cases.

Nos. 10442–10456, 10471–10473, 10498–10512, 10514–10519.

Circuit Court of Appeals, Eighth Circuit.

Jan. 27, 1936.

624

Oppenheimre, Dickson, Hodgson, Brown & Donnelly, of St. Paul, Minn., and Harold M. Noble and Lynn Webb, both of Kansas City, Mo., for Larabee Flour Mills Co.

Charles B. Rugg, of Boston, Mass., Frank J. Morley, of Minneapolis, Minn., and D. C. Chastain and A. Z. Patterson, both of Kansas City, Mo., for Washburn Crosby Co.

D. C. Chastain and Philip L. Levi, both of Kansas City, Mo., for Rodney Milling Co.

D. C. Chastain, of Kansas City, Mo., and E. S. McAnany, of Kansas City, Kan., for Midland Flour Milling Co.

D. C. Chastain, George T. Aughinbaugh, and Hunt C. Moore, all of Kansas City, Mo., for Edgerton Milling Co.

Mercer Arnold and Ray Bond, both of Joplin, Mo., for Wallace Bros. Packing Co.

Mercer Arnold, of Joplin, Mo., and McReynolds & Flanigan, of Carthage, Mo., for Morrow Milling Co., Cowgill Flour Mills, Staley Miling Co. and McDaniel Milling Co.

Charles M. Grayston, of Joplin, Mo., for Pipkin-Boyd-Neal Packing Co. and Crocker Packing Co.

C. H. Haas, of Kansas City, Mo., for Kansas Flour Mills Corporation and Valier & Spies Milling Co.

Burrus & Burrus, of Independence, Mo., for Waggoner-Gates Milling Co.

Glen A. Wisdom, of Kansas City, Mo., for Pease-Moore Milling Co., and Charles B. Stout.

Mann, Mann & Miller, of Springfield, Mo., for Eisenmayer Milling Co.

W. I. Farmer and Elias Berell, both of Kansas City, Mo., for Mattie Cochrane.

Glen A. Wisdon, of Kansas City, Mo., for Holden Milling & Elevator Co.

Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow, Ass't U. S. Atty., both of Kansas City, Mo., for Collector of Internal Revenue.

Before STONE and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

A number of millers and others filed separate actions in the Western District of Missouri against the local collector of internal revenue and the United States attorney to enjoin collection and enforcement of the so-called processing taxes. These actions involve both the original Agricultural Adjustment Act (48 Stat. 31) and the amendment thereto of August 24, 1935 (7 U.S.C.A. § 601 et seq.). In each of said cases the court entered a decree holding the original act invalid and enjoining collection of taxes thereunder and holding the act as above amended valid and denying the injunction. From such decrees the separate complainants took appeals from that portion holding the amended act valid, and the collector took a cross-appeal from that portion holding the original act, before amendment, invalid. Such appeals are now pending in this court.

Recently the Supreme Court in United States v. William M. Butler et al., Receivers of Hoosac Mills Corporation, 56 S.Ct. 312, 80 L.Ed. ——, and Rickert Rice Mills

**v.** Fontenot, and companion cases, 56 S.Ct. 374, 80 L.Ed. ——, held both the original act and the amendment invalid. The complainants now present applications for orders disposing of the appeals in this court. The government does not oppose such action, and it is not challenged that complainants are entitled, under the above decisions, to have their various appeals sustained and the corresponding cross-appeals of the collector denied. Were this the entire situation here involved, no memorandum would be necessary.

The controversy here is occasioned by the situation that in all but one of the cases (the Larabee Flour Mills Company) the amount of the tax due under the original act was required by the court to be impounded in the registry of the court, and in each of the direct appeals complainant was accorded a supersedeas by this court on condition that the amount of tax due under the act as amended—that is, after August 24, 1935—should be impounded in the registry of the District Court. Such impounding has taken place in all instances, except as to the Larabee Flour Mills Company for the taxes before August 24, 1935, in which a bond was filed, and such funds are now held in the registry of the District Court. In five of the cases (the Larabee Flour Mills Company, Washburn-Crosby Company, Valier & Spies Milling Corporation, Rodney Milling Corporation, and the Midland Flour Milling Company) petitions for leave to file interventions have been filed in this court and, we are informed, have been filed in the District Court, and in some instances there allowed, by various parties who claim ownership or interest in the impounded funds. The situation brought about by these matters of intervention causes the controversy here over the form of order to be entered in the various cases.

## I. No Interventions.

As to the cases in which no interventions have appeared in either the District Court or this court, we see no reason why the orders of this court should not direct payment of the impounded funds to the complainants making such payments into court.

## II. Larabee Flour Mills Company Bond.

■ This complainant filed its bond instead of making a deposit of funds as to the taxes covered by the act before amendment. We are unable to conceive any connection between this bond and the purposes or grounds of the suggested interventions. Therefore the order as to that matter will be the discharge of the bond.

## III. Controversy as to Interventions.

■ The contention of the proposed interveners is that the orders of this court in cases wherein there are proposed interventions should be such as to leave the trial court free to allow and determine the rights of interveners to all or parts of the impounded funds. The contention of complainants is that our order should be for payment to the complainant, thus foreclosing consideration of the interventions. There is a further difference between the complainants themselves as to whether the payment to them should be of the entire impounded funds or of such funds less the one per cent impounding fee allowed the clerk under the statute (U.S.C.A., title 28, § 555). As to this latter matter most of the complainants concede or do not care to challenge the propriety of the above fee, while one or two of the complainants contend that this court should leave that matter open for determination by the District Court.

For the purpose of eliminating the contention as to the fee, we think this fee is due, and that in all cases, whether they involve interventions or not, the clerk is entitled and required to retain one per cent. of the impounded funds as his fee under the statute.

■ The main matter of contention is whether our order should require payment of the impounded funds to the various complainants or should leave the matter of payment to the District Court so that it will not be prevented by our action from considering and determining these proposed interventions. We think that our orders should have the effect of leaving the District Court free to act as seems to it fit concerning these interventions. We think this should apply to the funds impounded under the supersedeas orders as well as to those impounded under the orders of the District Court. In this respect the situation is different from that acted upon by the Supreme Court in the Rickert Rice Mills and companion cases. In those cases the impounding under the supersedeas of the Supreme Court was in the hands of a custodian bank selected by it. In the cases before us the impounding was in the District Court and for the obvious purpose **of**

having the funds there so that they could be disposed of by the District Court, along with the funds which it had impounded, all disposition depending on the outcome of the appeals.

To enable the District Court to act unhampered, we will deny the petitions for leave to intervene in this court, this denial being without prejudice to presentation of the same matter to the District Court, and with express reservation of any suggestion as to whether such interventions should or should not be allowed.

We think the District Court should exercise its discretion, without restraint or intimation from this court, as to whether any proposed interventions should be permitted and, if permitted, how disposed of. However, we do feel free to suggest, but not to direct, one rather obvious matter, which is that any part of the impounded funds in any case not needed to satisfy interventions which may be permitted by the court should be promptly released to the particular complainants.