JOSEPH SIMMONS, MAX JACOBSON and MILTON BOND, Suing in Behalf of Themselves and All Other Employees Similarly Situated, Respondents, v. RUDOLPH KNITTING MILLS, INC., Appellant.— Defendant appeals (1) from an order dated February 20, 1942, denying its motion to dismiss the complaint of three of its employees on the ground that it fails to state a representative cause of action for certain unnamed employees of defendant and for other relief, and (2) from an order denying defendant's motion for resettlement of the order of February 20, 1942. Order of February 20, 1942, reversed on the law, without costs, and motion granted, without costs, to. the extent (a) of striking from the complaint all allegations and references as to employees of the defendant other than the three named plaintiffs, and all allegations and references relating to the representative character of the action; and (b) directing service, within twenty days from the entry of the order hereon, of an amended complaint in which the five causes of action of the three named plaintiffs shall be stated and numbered separately. While the greater part of the money alleged to be claimed by defendant's employees generally is for pay for overtime under the Fair Labor Standards Act of 1938, also known as the Wage and Hour Law (52 Stat. 1060; U. S. Code, tit. 29, § 201 *et seq.*), that fact does not affect the questions presented here, which relate only to pleading and procedure and are, therefore, controlled by the law of the forum. (*Central Vermont Ry.* v. *White*, 238 U. S. 507, 511; *Mertz* v. *Mertz*, 271 N. Y. 466, 473.) While on a proper showing all employees of defendant might unite in a single action, these plaintiffs may not maintain a representative action on behalf of other employees under section 195 of the Civil Practice Act; and, assuming but not deciding that they may sue on behalf of other employees under section 210 of the Civil Practice Act, as being authorized to do so by the Federal statute (*supra*), they would be required to state and number separately the cause or causes of action of each of the persons on whose behalf they sued. (*Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230, 236–238; *Society Milion Athena* v. *Nat. Bank of Greece*, 281 id. 282, 291–293; Rules Civ. Prac. rule 90.) The appeal from the order denying the motion for resettlement is dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.