LENA R. SLAVIN, Individually and on Behalf of Other Employees of BERT MANUFACTURING COMPANY Similarly Situated, Plaintiff, v. GUSTAVE TRACHTENBERG et al., Partners under the Name of BERT MANUFACTURING COMPANY, Defendants.

County Court, Westchester County, February 15, 1943.

*Angelo E. Zingaro* for defendants.

*Malcolm M. Roy* for plaintiff.

COYNE, J. Defendants move for summary judgment in an action brought by plaintiff, and other employees similarly situated, under subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 216, subd. (b)]. The complaint seeks to recover moneys allegedly due for unpaid minimum wages and overtime compensation, together with an equivalent sum as liquidated damages, and a reasonable counsel fee. The contention of the defendants to the effect that the judgment entered in the United States District Court is a bar to the present action cannot be sustained. Under the statute, when an employer defaults in paying either the minimum wage or overtime compensation, he becomes not only subject to the customary enforcement proceedings of the Wage and Hour Division, but also to suits brought by employees pursuant to said subdivision (b) of section 16 of the Act. The judgment entered by consent in the injunction proceeding restrained future violation of the Act, and merely provided for restitution of unpaid wages and overtime compensation. Because of the nature of the proceeding in the Federal court, plaintiff was not a party thereto, and apparently took no part in the computations as made by the Administrator. It would seem that the computations were based entirely upon the defendants' books and records. While it may well be that the sum fixed in the schedule represents the exact and full amount due plaintiff and the other employees under the statute, they are nevertheless entitled to have their dispute determined in an appropriate action. Apart from other questions, it is manifest that no disposition has been made of the claims for liquidated damages. Under the circumstances here shown, the retention of the moneys paid to the plaintiff through the enforcement proceeding does not constitute a waiver of the employee's vested right to recover the full measure of damage provided for in the Act. Motion denied.

In this connection, plaintiff's attention is called to the rule which requires causes of action to be separately stated when the suit is brought by a named plaintiff on behalf of herself

and others similarly situated. (*Simmons* v. *Rudolph Knitting Mills, Inc.*, 264 App. Div. 871.) Should plaintiff desire to serve an amended complaint, leave is given to serve same within twenty days after service of a copy of the order entered hereon. Submit order accordingly.