**FRANK R. JORDAN, et al., v. PETER GESSNER, et al., as and constituting the Board of County Commissioners of Volusia County, Florida, et al.**

15 So. (2nd) 189           June Term, 1943
September 21, 1943           Division A
Rehearing Denied October 19, 1943

L. C. Crofton, Crofton & Wilson, Louis Ossinsky, Horn & Ossinsky, J. Lewis Hall, W. J. Gardiner, and Ausley, Collins & Ausley, for petitioners.

Charles W. Luther, for defendants.

BUFORD, C. J.:

This cause is before us on petition for certiorari to review the order of the circuit court denying injunction to restrain the holding of a referendum election required by Section 21 of Article III of our Constitution as amended at the general election in 1938, to adopt or reject the provisions of Chapter 22088, Special Acts of 1943.

Sections 12 and 13 of the Act provide:

"Section 12. That not less than Sixty (60) nor more than Ninety (90) days after the passage of this Act, the Board of County Commissioners of Volusia County, Florida, shall call

and hold a Referendum Election in said Halifax Drainage District to be held for the purpose of determining by the qualified electors residing in said District whether or not this Act shall be approved and adopted as it relates to the said Halifax Drainage District; said Referendum Election to be held in each and every voting precinct in said District and said election shall be governed in all respects as is now provided by law governing general elections. At said election the ballot shall be in such form as to permit such qualified electors to vote for the Act or against the Act. If a majority of the qualified electors voting at said election vote 'For the Act' then this Act shall become effective as provided herein and be and remain the law, as it relates to Halifax Drainage District of Volusia County, Florida, unless and until repealed, modified or amended by the Legislature of the State of Florida.

"Section 13. This Act shall take effect as to the holding of the Referendum Election provided for herein upon its passage and approval by the Governor or upon its becoming a law without the approval of the Governor. The remaining part of said Act to take effect 3 days after the date of the holding of the Referendum Election provided for herein."

Numerous questions have been presented and argued but we think that it is only necessary for us to discuss one of the contentions presented, viz: (1) Was the election called to be held on Tuesday the 7th day of September, 1943, so called to be held within the time prescribed by Section 12, supra?

The record shows that the legislative Act having been passed by the Senate and House of Representatives, and having been signed by the respective proper officers thereof, was on the 3rd day of June, 1943, duly transmitted to the Governor for his approval. The Act was on the 14th day of June, 1943, transmitted by the Governor without his approval to the office of the Secretary of State and then and thereupon became a law. The legislative functions in connection with the passage of the Act were accomplished and completed when the Act was on the 3rd day of June transmitted to the Governor. The "passage of the Act" was thereby completed. See Jinkins v. Entzminger, 102 Fla. 167, 135 So. 785; State v. Hall, 129 Fla. 588, 176 So. 577; State

v. Lee, 122 Fla. 685, 166 So. 568. See also Sec. 28 of Article III of the Constitution of Florida; State ex rel. Thompson v. Davis, 124 Fla. 592, 169 So. 199; State ex rel. Lane Drug Stores Inc., v. Simpson, 122 Fla. 671, 166 So. 262; State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270; Croissant v. DeSoto Improvement Co., 87 Fla. 530, 101 So. 37; Amos v. Gunn, 84 Fla. 285, 94 So. 615.

So it is, we must conclude that the time for calling and holding the Referendum Election began to run from the 3rd day of June, 1943, and therefore, the 90 days prescribed in Section 12, supra, expired on the 90th day after June 3rd. Such 90 day period having expired, no legal referendum election may now be held under the provisions of the Act.

Section 21 of Article III of our Constitution as amended at the general election in 1938 contains the following language:

"Provided, however, no publication of any such law shall be required hereunder when such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in accordance with a provision therefor contained in such bill, or provided by general law."

So it is that it is required by the Constitution that for the Act here under consideration to become effective it must be approved at a referendum election held in accordance with the provisions of the Act. As no election can now be held as and when required by the provisions of the Act, and as no such election can be legally held except in conformity with the provisions of the Act as required by the Constitution, supra, the court below should have granted the order restraining the holding of the election.

Certiorari is granted and the order here under review is quashed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.