Sam Fineshewitz et al., Plaintiffs, *v.* East River Savings Bank, Defendant.

City Court of the City of New York, Special Term, New York County, May 16, 1946.

· *Isidore Entes* for plaintiffs.

*Bernard, Remsen, Millham & Ryan* for defendant.

Keller, J. Motion of certain employees not now parties to be allowed to intervene as additional parties plaintiff, and the application to add an additional defendant, is granted. It is the intent of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) that all employees, if possible, join in one action. The act specifically so provides and it provides for the bringing of representative suits (Act, § 16, subd. [b]; U. S. Code, tit. 29, § 216, subd. [b]), though the action is probably not a true " class " suit. The defendant seems apprehensive that joinder of new plaintiffs at this time may enable them to avoid the effect of the Statute of Limitations. However,

that does not seem to follow, as the action will be deemed commenced in the case of each separate plaintiff as of the time when he individually intervened (cf. *Simmons* v. *Rudolph Knitting Mills*, 264 App. Div. 871; *Slavin* v. *Trachtenberg*, 180 Misc. 324; *Morasse* v. *Gladiton Realty Corp.*, 187 Misc. 873; *Pentland* v. *Dravo Corporation*, 152 F. 2d 851; *Robertson* v. *Alaska Juneau Gold Mining Co.*, 61 F. Supp. 265). To the extent that the Statute of Limitations may be a defense against the claims of the plaintiffs now coming into the case, it may be affirmatively pleaded by the defendant.

Settle order on notice to both respondents.