PETE BARB et al., Plaintiffs, *v.* MANHATTAN LAUNDRIES, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, June 3, 1946.

*Louis J. Greenberg* and *S. Laurence* for plaintiffs.

*Arthur Stoll* and *Morris F. Pearlman* for defendant.

PARELLA, J.  The stipulation shows that the defendant operated a laundry in Jersey City, New Jersey, employing about 125 persons; that it was engaged in the business of laundering linens, hoovers, aprons, restaurant uniforms and other washable materials chiefly used by restaurants, hotels, clubs and similar establishments; that about 60% of its business consisted of laundering such materials for customers located in the city of New York; that it collected the materials in New York in trucks owned by it and operated by its employees which daily left its Jersey City plant and brought the soiled materials back to the plant in Jersey City where they were laundered and from which they were returned in the defendant's trucks to the owners in New York City.  The agreed statement of facts shows — and this is of controlling importance — that about 19% of the defendant's total business was conducted with two supply companies in New York City, Gordon Supply Co. and Staten Island Supply Co.; that these supply companies owned aprons, hoovers and other restaurant uniforms and linens which they rented to restaurants and similar business firms; that the soiled laundry was collected from the two supply companies at their central places of business in New York City by the defendant in its trucks and carried to the defendant's plant in Jersey City; that the soiled garments and linens were laundered at such plant and thereafter returned in defendant's trucks to the supply companies in New York.

The stipulation regarding the business done by defendant with these supply companies brings the case squarely within the holding of the Appellate Term of the Supreme Court, First Department, in *Koerner* v. *Associated Linen Laundry Suppliers* (185 Misc. 123). The *Koerner* case (*supra*) is squarely in point. There seems to be no difference at all between the pertinent facts of the cited case and of the case under consideration. The controlling features of the *Koerner* case, as shown by the Official Reporter's statement of facts, were as follows: " Defendant [which operated a steam laundry in New York] did not deal with or serve the public directly, but laundered linens and garments exclusively for six linen supply companies. The latter rented laundered articles to their own customers, which included restaurants, food handlers, hospitals, a navy yard, and industrial plants and users. One of said linen supply companies for which defendant did such laundering operated in New Jersey, collected its soiled linens in that State, then transported them to defendant's plant in New York for laundering and then delivered the laundered articles on a rental basis to its customers in New Jersey. Defendant conceded that it transacted its business with said linen supply company throughout the period of plaintiffs' employment and that such business was of regular, continuous and daily occurrence and that it comprised approximately 10% of its own gross business."

I see no difference in principle between the dealings of the defendant in the cited case (a New York company) with the linen supply company in New Jersey and the dealings of the defendant in the case at bar, a New Jersey company, with the two supply companies in the city of New York. Indeed, the percentage of interstate business of this kind was greater in the present case than in the *Koerner* case (*supra*). The decision of the Appellate Term in the *Koerner* case that such dealings constituted production of goods for commerce is controlling here.

I therefore hold that the plaintiffs in the case at bar were engaged in an occupation necessary to the production of goods for commerce within the meaning of subdivision (a) of section 7 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 207, subd. [a]) and that the defendant was not a servicing establishment within the exemption of clause (2) of subdivision (a) of section 13 of the said Act (U. S. Code, tit. 29, § 213, subd. [a], cl. [2]).

The motion to add a large group of plaintiffs has been granted in all respects. These plaintiffs were brought into the case

on March 20, 1946. I hold that the action is to be deemed commenced as to these plaintiffs as of the date when they actually came into the case, March 20, 1946, and that, therefore, the Statute of Limitations bars any claim by these newly added plaintiffs for services rendered prior to March 20, 1940. (See *Fineshewitz* v. *East River Savings Bank,* KELLER, J., 187 Misc. 874, citing *Simmons* v. *Rudolph Knitting Mills,* 264 App. Div. 871, *Slavin* v. *Trachtenberg,* 180 Misc. 324, *Morasse* v. *Gladiton Realty Corp.,* RIVERS, J., 187 Misc. 873, *Pentland* v. *Dravo Corporation,* 152 F. 2d 851, and *Robertson* v. *Alaska Juneau Gold Mining Co.,* 61 F. Supp. 265.) The *Robertson* case (*supra*), in the United States District Court of California, is directly in point. It seems to me also that the reasoning of the *Simmons* case (*supra*) and of the *Pentland* case (*supra*) is strongly indicative of the correct rule; and I am in accord with the views of Mr. Justice KELLER and Mr. Justice RIVERS.

The parties by their several attorneys have stipulated upon the record that the issues of fact as to the amounts to be recovered by the respective plaintiffs be referred to Max J. Wolff, Esq., Referee, pursuant to section 8 of the New York City Court Act (L. 1926, ch. 539, as amd.), to hear and report, together with his findings of fact and opinion thereon. An order of reference in accordance with the foregoing has been signed. Upon the application to confirm the Referee's report, which will be made before me in Trial Term, Part IX, the court will render decision and judgment.