**SMITH v. CUDAHY PACKING CO.**
Civil Action No. 935.

District Court, D. Minnesota,
Third Division.

Sept. 15, 1947.

George W. Colburn, of Minneapolis, Minn., and John Edmund Burke, of St. Paul, Minn., for plaintiff.

Loring M. Staples and John S. Pillsbury, both of Minneapolis, Minn., for defendant.

William S. Tyson, Sol., and Jeter S. Ray, Associate Sol., U. S. Department of Labor, both of Washington, D. C., and James M. Miller, Regional Atty., and Richard R. Converse, Atty., of that Department, both of Minneapolis, Minn., for Administrator of the Wage and Hour Division. amicus curiae.

DONOVAN, District Judge.

Plaintiff, individually, and as agent and representative of other employees, commenced suit on October 19, 1945, to recover overtime compensation, liquidated damages and attorneys' fees from defendant, pursuant to the Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq., hereinafter referred to as the Act.

Following motions by defendant (Smith v. Cudahy Packing Co., 5 F.R.D. 298), all unnamed employees herein were allowed twenty days to intervene or file written evidence of plaintiff's authority to represent them in this proceeding. Defendant filed an amended answer, pleading three statutes of limitation:

(1)  The two-year statute;

(2)  The six-year statute;

(3)  The three-year statute;

And also (4)  The right to deduct fourteen weeks in each calendar year in which the largest amounts of overtime accrued to said employees, as provided by section 207 (c) of said Act.

Plaintiff moved to strike the foregoing pleas (1), (2), (3) and (4), which are set forth in paragraphs 9, 10, 11 and 12, respectively, of said answer.

The motions will be discussed in the order set forth by plaintiff, and as above outlined. The two-year, and the six-month retroactive, limitations will be referred to as pleaded, i. e., Chapter 513, Laws 1945, M.S.A. §§ 541.07(5), 541.071.

First. Does Chapter 513 apply to the claims of employees in the instant case? The two-year statute of limitations, 32 Minnesota Statutes Annotated, 541.07(5), with its companion six-month retroactive statute, 32 Minnesota Statutes Annotated, 541.071, pleaded in bar by defendant in paragraph 9 of its answer, reads as follows:

"541.07 TWO year limitations. The following actions shall be commenced within two years:

*     *     *     *     *     *

"(5)  For the recovery of wages, overtime, damages, fees or penalties accruing under any federal or state law respecting the payment of wages, overtime, damages, fees or penalties, (the term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists)."

"541.071 LAWS 1945, CHAPTER 513, retroactive; limitation. Causes of action accruing prior to the date of Laws 1945, Chapter 513 and barred by the provisions thereof, shall be commenced within six months after passage of Laws 1945, Chapter 513, provided that nothing contained

therein shall affect any action or suit for the recovery of wages, overtime, damages, fees, or penalties pending at the time of the passage of said chapter 513".

Arguing against the application of Chapter 513 to the instant case, plaintiff contends (a) Chapter 513 is unconstitutional; (b) that in any event, the two-year statute, with its six-month saving clause, did not become law until April 23, 1945, and did not become effective until April 24, 1945, and hence "plaintiff's [and 'other employees'] cause of action was commenced within six months after said Chapter 513 was effective as law"; and (c) the claims of all named and unnamed employees who complied with the order of the Court relate back to the commencement of plaintiff's action on October 19, 1945.

■ The claims we are here concerned with accrued during a time when the Act was without a statute of limitation. Under the circumstances, recourse must be had to Minnesota law, for in the absence of a federal statute of limitation affecting the claims in the present case, it is well settled that applicable state statutes of limitation may be invoked by defendant. 28 U.S.C.A. § 725; Republic Pictures Corporation v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228, affirmed 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991; Caldwell et al. v. Alabama, etc., Co., 5 Cir., 161 F.2d 83.

■ Is Chapter 513, Laws of Minnesota 1945, constitutional? It was passed by the Legislature on April 18, 1945, and signed by the Governor on April 23, 1945. Unlike the situation created by the Iowa statute in Republic Pictures Corporation v. Kappler, supra, and Caldwell et al. v. Alabama, etc., Co., supra, the Minnesota statute does not single out federal claims or causes of action alone, but includes any such claim or cause of action under "any federal or state. law." While it is true Minnesota has no law identical to the Act that gives rise to the instant case, there is nothing to prevent the Legislature from adopting such legislation. It pursued such a course by adopting its Railroad Act, M.S.A. § 219.77 et seq., patterned after the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Continuing this line of reasoning, it should be noted that the Minnesota statute, in addition to limiting the time in which actions under the federal Act may be brought, also governs Minnesota laws and actions having to do with subject matter akin to the Act, such as, for example, the Minnesota statute relative to minimum wages, 13 Minnesota Statutes Annotated § 177.15; the Minnesota statute requiring the payment of discharged employees within twenty-four hours, 13 Minnesota Statutes Annotated § 181.11; and the Minnesota statute providing a penalty for failure to pay employees promptly, 13 Minnesota Statutes Annotated § 181.13. It cannot be said that it is arbitrary and unreasonable, because it treats claims arising under "federal or state law" exactly the same. Manifestly, said Chapter 513 does not discriminate against rights claimed under the Act of Congress creating liability here.

■ That the Minnesota law-making body exercised its legislative discretion to enact a two-year statute of limitation affecting actions commenced to recover overtime compensation, liquidated damages and attorneys' fees, without disturbing the six-year limitation applying to actions by employees against employers for wages based on contract, does no violence to any article of our federal constitution. Since the instant case was launched, Congress recently passed the so-called Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., containing a two-year limitation on claims under the Act like those relied on in the case at bar. This will make the application of the two-year statute uniform throughout the states without effect upon longer statutes of limitation of any jurisdiction, and which may be applicable to actions for wages based on contract. The Minnesota legislature is primarily the judge of what constitutes a reasonable period of limitation for the commencement of actions under circumstances here existing, and the wisdom of that law-making body in so doing will not be questioned by the Court unless the time allowed is so inadequate as to deny justice. Kendall et al. v. Keith Furnace Co. et al., 8 Cir., 162 F.2d 1002; Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365; Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L. Ed. 1628; Caldwell v. Alabama, etc., Co.,

supra; Kozisek v. Brigham, 169 Minn. 57, 210 N.W. 622, 49 A.L.R. 1260.

Plaintiff earnestly insists that actions permitted under the Act arise ex contractu, citing the Kappler case, supra; Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, and Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. Analysis of the two last-cited cases distinguishes them from the claims described in the complaint of the instant case. In the present case plaintiff employees are before the Court pleading that their claims are based on a federal statute. Opposing their contention that this case must be based unconditionally on contract are the words of the Court in McClaine v. Rankin, 197 U.S. 154, at page 162, 25 S.Ct. 410, at page 412, 49 L.Ed. 702, 3 Ann.Cas. 500, as follows:

"It is true that in particular cases the liability has been held to be, in its nature, contractual, yet, it is nevertheless conditional, and enforcible only according to the Federal statute, independent of which the cause of action does not exist; so that the remedy at law in effect given by that statute is subject to the limitations imposed by the state statute on such actions".

Obviously, any duty of the employer to pay the employees in this proceeding exists by virtue of the Act. The rights of the employees are created by the Act. In my opinion, the complaint makes the instant case an action based upon a liability created by statute, rather than one upon an express or implied contract. Lorenzetti v. American Trust Co., D.C., 45 F.Supp. 128; Bright v. Hobbs, D.C., 56 F.Supp. 723; Cannon v. Miller, 22 Wash.2d 227, 155 P.2d 500, 157 A.L.R. 530; Fullerton v. Lamm, 177 Or. 655, 163 P.2d 941, 165 P.2d 63. To arrive at any other conclusion would necessitate the choice of a fictitious theory of contract, as opposed to an obligation created by statute. The statute in my opinion is constitutional, and, if applicable, is a good defense.

In view of the foregoing, there is no occasion to further consider plaintiff's motion to strike paragraph 10 (pleading the six-year statute of limitation) and paragraph 11 (pleading the three-year statute of limitation). If the Court should be wrong in the conclusion arrived at, consideration may be given the remaining statutes of limitation pleaded by defendant.

The parties' oral arguments and briefs extensively emphasized two interesting questions that I think are premature. As stated above, the summons was served on defendant on October 19, 1945. Chapter 513 was passed by the House and Senate on April 18, 1945, and signed by the Governor on April 23, 1945. Plaintiff contends the action was commenced in time to stop the running of Chapter 513 because it was not signed by the Governor until April 23, 1945. Plaintiff argues that "passage" means approval by signature of the Governor. Johnson v. Fay, 82 Mass. 144, at page 145, 16 Gray 144, at page 145; Jackson v. State, 101 Ark. 473, 142 S.W. 1153; Cordiner v. Dear, 55 Wash. 479, 104 P. 780; State ex rel. Bishop v. Board of Education, 139 Ohio St. 427, 40 N.E.2d 913; Scales v. Marshall, 96 Tex. 140, 70 S.W. 945; People v. Coffin, 279 Ill. 401, 117 N.E. 85; Nichols v. Robinson, 277 Mo. 483, 211 S.W. 11. Opposing plaintiff's view, defendant contends the word "passage" to mean when the bill had been passed by the House and Senate on April 18, 1945, citing: Burns v. Sewell, 48 Minn. 425, 51 N.W. 224; Jordan v. Gessner, 153 Fla. 498, 15 So.2d 189; Board of Education v. Morgan, 316 Ill. 143, 147 N.E. 34; Ex parte Lucas, 160 Mo. 218, 61 S.W. 218; Larabee, etc., Co. v. Nee, D.C.Mo., 12 F.Supp. 395, affirmed 8 Cir., 81 F.2d 623; Scudder v. Smith, 331 Pa. 165, 200 A. 601.

Plaintiff makes the further point that compliance with the order of the Court by employees similarly situated and unnamed in the action commenced on October 19, 1945, relates back to the service of the summons on said date, citing: Wright v. United States Rubber Co., D.C.Iowa, 69 F.Supp. 621; Fink v. Oliver Iron Mining Co., D.C. Minn., 65 F.Supp. 316; Jumps v. Levorone, 7 Cir., 150 F.2d 876; Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851; Culver v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29; Michelsen v. Penney, 2 Cir., 135 F.2d 409; Marsh v. United States, 4 Cir., 97 F.2d 327; Duncan v. Menard, 32 Minn. 460, 21 N.W. 714; Parkinson v. Brandenburgh, 35

Minn. 294, 28 N.W. 919, 59 Am.Rep. 326; Mushel v. Benton County, 152 Minn. 266, 188 N.W. 555.

Opposing, defendant argues that authorizations filed subsequent to the commencement of the action do not relate back, so far as statutes of limitation are concerned, citing: Fowkes v. Dravo Corp., D.C.Pa., 62 F.Supp. 361; Lofther v. First National Bank, D.C.Ill., 45 F.Supp. 986; Saxton v. Askew Co., D.C.Ga., 35 F.Supp. 519; Fink v. Oliver Iron Mining Co., supra; Downer v. Union Land Co., 103 Minn. 392, 115 N.W. 207; Fineshewitz v. East River Savings Bank, 187 Misc. 874, 63 N.Y.S.2d 885; Barb v. Manhattan Laundries, 188 Misc. 18, 63 N.Y.S.2d 886.

As indicated above, there is nothing pending that raises issues such as the two questions last referred to, and the Court makes no ruling with reference to them.

Second. Is defendant's plea of the exemption provided by Section 207 (c) of the Act material to the issues of the instant case? The final question presented by plaintiff's motions is the materiality of paragraph 12 of defendant's answer, pleading the right to deduct "fourteen (14) weeks in each calendar year * * * in which any overtime work was performed by any employee who is a party to this action within the scope of said Section 207 (c)." Plaintiff contends said paragraph 12 fails "to state a legal defense," and that it should be stricken for the more particular reasons that:

1. The defendant is at this time estopped as a matter of law from claiming any benefits of the exemption contained in Section 207 (c) of the Fair Labor Standards Act.

2. The defendant cannot now elect, as a matter of law, in the method and manner set forth in paragraph 12 of said Answer, to claim any benefits under the exemption contained in Section 207 (c) of the Fair Labor Standards Act.

3. The allegations of paragraph 12 of the Answer do not, as a matter of law, correctly state the legal and proper method of applying the provisions of the exemption contained in Section 207 (c) of the Fair Labor Standards Act.

The pertinent part of Section 207 (c) provides:

"* * * and in the case of an employer engaged in the first processing of, or in canning or packing, perishable or seasonal fresh fruits or vegetables, or in the first processing, within the area of production (as defined by the Administrator), of any agricultural or horticultural commodity during seasonal operations, or in handling, slaughtering, or dressing poultry or livestock, the provisions of subsection (a), during a period or periods of not more than fourteen workweeks in the aggregate in any calendar year, shall not apply to his employees in any place of employment where he is so engaged".

The Administrator filed a brief amicus curiae, wherein Title 29, Chapter 5, Code of Federal Regulations, Part 516, Section 516.5 (b) and (c) is quoted, with "Explanatory Bulletin of the U. S. Department of Labor" attached. The Administrator contends defendant's position as pleaded violates the record-keeping and overtime provisions of the Act, citing authorities claimed to support his contention. Unlike plaintiff's reasoning:

"The Administrator does not contend that having failed to select the 14 workweeks in the manner contemplated by the regulations * * * the defendant loses the exemption entirely even though such a result is certainly arguable upon principles of laches or estoppel. The opposite extreme now urged by the defendant would be most unfair to the employees who from the beginning were given no choice in the matter and would * * * violate established principles of law as well as the spirit of the exemption".

The arguments of plaintiff, defendant and the Administrator make obvious the necessity of leaving the questions presented by the motion for disposition during the trial of the instant case. It may be proved by plaintiff that a Regulation of the Administrator having the force and effect of law is controlling here. On the other hand, defendant may be able to show that all gov-

erning Regulations have been complied with by it. There are so many phases to this question that may be dependent upon evidence offered at the trial, the Court will make no commitment or further comment on the matter.

The motions will be denied, and plaintiff may have an exception.