SHIVERS, Judge.
This is a consolidated appeal from two separate final orders dismissing appellants’ complaints seeking to have a City annexation held void because of the City’s failure to comply with the statutory requirements for effecting annexation. We affirm.
On January 22, 1980, the Tallahassee City Commission passed an ordinance proposing to annex the Thomasville Road/Interstate 10 area of Leon County. On March 11, 1980, the residents of the City and the area to be annexed approved the annexation ordinance by referendum.
On March 14, 1980, appellant SCA Services of Florida, Inc. filed a complaint against the City seeking a judgment declaring that the City had not met the statutory requirements for effecting the annexation and therefore the annexation was void ab initio. The City responded by filing a motion to dismiss, contending that SCA was required to challenge the annexation within thirty days following the passage of the annexation ordinance by the City Commission as required by Section 171.081, Fla. Stat. (1979). On May 18, 1980, the trial court agreed with the argument advanced by the City and granted the motion to dismiss on the basis that the complaint had not been filed within thirty days following the passage of the annexation ordinance by the City Commission.
On March 27, 1980, appellant Timberlane Shops on the Square filed a petition pursuant to Section 171.081, requesting the lower court to declare the annexation null and void. The City moved to dismiss Timber-lane Shops’ complaint on the ground that it was untimely under Section 171.081. On June 24, 1980, the trial court granted the City’s motion to dismiss.
On October 16,1980, this court consolidated these two cases for appeal.
Appellants contend that the lower courts erred in dismissing the complaints for untimeliness under Section 171.081. Section 171.081 provides:
No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. In any action instituted pursuant to this section, the complainant, should he prevail, shall be entitled to reasonable costs and attorney’s fees.
Appellants argue that the thirty day time limitation for seeking review of the City’s compliance with the procedural annexation requirements of Chapter 171 begins to run from the date of the referendum approving the annexation rather than from the date of the passage of the annexation ordinance by the City Commission.
The lower courts are correct in holding that Section 171.081 allows thirty days from the date on which the municipal governing body passes the annexation ordinance for an affected party to challenge compliance with annexation procedures. The purpose of Chapter 171 is to provide a uniform method of effecting annexation by municipality. Section 171.021, Fla.Stat. (1979); Section 171.0413(4), Fla.Stat. (1979). Section 171.081 is designed to afford “any party affected who believes that he will suffer material injury” by failure of the municipal governing body to comply with the annexation requirements of Chapter 171 to seek review in the Circuit Court. Section 171.-031(5), Fla.Stat. (1979), defines “parties affected” as “any persons or firms owning property in, or residing in, either a municipality proposing annexation or contraction or owning property that is proposed for annexation to a municipality . . . . ”
The thirty day time limitation of Section 171.081 is designed for the purpose of allowing any complaint challenging the procedures leading to passage of an annexation ordinance to be brought to the attention of a municipality prior to the expense of a *37 referendum. This is evident from the prospective language used in Section 171.081 and Section 171.031(5), i. e., “believes he will suffer,” “proposing annexation,” “proposed for annexation.” Under Section 171.-081, judicial review is limited to whether the municipality complied with the procedure for annexation and whether it met the requirements established for annexation as they apply to the complainant. The limited judicial review envisioned by Section 171.-081 neatly interacts with Section 171.-0413(2)(a), Fla.Stat. (1979), which prohibits a municipality from scheduling a referendum to approve an annexation ordinance until thirty days following passage of the ordinance by the municipality.
The use of the term “passage” to qualify the thirty day time period for review in Section 171.081 further supports the construction that the time period runs following passage of the annexation ordinance by the municipal governing body and prior to the referendum. In Section 166.041(4), Fla. Stat. (1979), which sets out the uniform procedure for adoption of ordinances and resolutions by a municipality, the term “passage” is used to signify final action on an ordinance by a municipal governing body. Also see, Jordan v. Gessner, 153 Fla. 498, 15 So.2d 189 (1943) where a special act provided that a referendum election in a drainage district should not be held until ninety days after “passage of the act” and the court held that the ninety day time period was to be computed from the date the legislative functions connected with the act were completed.
Consequently, since appellants’ complaints were filed more than thirty days after the passage of the annexation ordinance by the Tallahassee City Commission, the lower courts were correct in dismissing the untimely complaints.
Additionally, SCA argued that the thirty day time limitation in Section 171.081 should have no effect on its right to seek declaratory relief because, by its terms, the statute applies only to the remedy of certio-rari. We disagree. In substance, SCA sought judicial review under Section 171.-081. Although SCA’s complaint was styled as a declaratory judgment action rather than an action under Section 171.081, the complaint sought to invalidate the annexation because of the failure of the City Commission to comply with the procedures for annexation as set out in Chapter 171. This is the same issue addressed in Section 171.-081 which provides a thirty day time limitation for judicial review. Moreover, the complaint further sought attorney’s fees, should SCA prevail, under “Chapter 171.” The only provision for attorney’s fees in Chapter 171 is found in Section 171.081. Therefore, Section 171.081 was applicable to SCA’s complaint, which was required to have been filed within thirty days after passage of the annexation ordinance by the City Commission.
Accordingly, the dismissal of appellants’ complaints because they were filed beyond the thirty day time period following passage of the ordinance by the City Commission is AFFIRMED.
McCORD and THOMPSON, JJ., concur.