DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE CITY OF PALM BEACH GARDENS,**
Petitioner,

v.

**LOUIS F. OXENVAD, CARRIE GRUBER,
MICHAEL GRUBER** and **ROBERT KLINE,** individually,
Respondents.

No. 4D18-1758

[November 14, 2018]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502018CA004443XXXXMB.

R. Max Lohman and Abigail Forrester Jorandby of Lohman Law Group, P.A., Jupiter, for petitioner.

Justus W. Reid of Reid Burman Lebedeker, West Palm Beach, for respondents.

WARNER, J.

The City of Palm Beach Gardens petitions for a writ of prohibition, seeking to prevent the circuit court from exercising certiorari jurisdiction in a challenge to an annexation ordinance. Specifically, the City contends that the respondent's petition was untimely filed, thus precluding the circuit court from exercising jurisdiction. We agree and grant the writ.

The City sought to annex a portion of land in Palm Beach County. After various public notices and hearings, the ordinance was passed on January 4, 2018. The ordinance called for a referendum vote. That vote took place on March 13, 2018, in favor of annexation. On April 12, respondents filed a Petition for Writ of Certiorari in the circuit court, sitting in its appellate capacity, challenging the annexation ordinance. The circuit court issued an order to show cause on May 8, 2018, ordering the City to respond as to why the relief in the petition should not be granted. The City then filed this petition seeking to prohibit the circuit court from proceeding further in the action. After considering the response, we conclude that the circuit

court's jurisdiction was not timely invoked.

Prohibition lies to prevent a court from acting in excess of its jurisdiction. *See English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977). A court "necessarily" determines its own jurisdiction by proceeding to act in a cause. *Id.* at 298. Here, because the circuit court issued an order to show cause, thus proceeding with the cause, it asserted jurisdiction and a conclusion that the petition was timely filed. However, "the untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction." *See Peltz v. Dist. Court of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) (alteration added.); *see generally English.* Thus, a petition for prohibition appropriately challenges the court's exercise of its jurisdiction. *Peltz*, 605 So. 2d at 866; *see Rice v. Freeman*, 939 So. 2d 1144 (Fla. 3d DCA 2006) (granting prohibition where the circuit court sitting in its appellate capacity improperly exercised jurisdiction because no timely notice of appeal had been filed from a money judgment in the county court).

Section 171.081, Florida Statutes (2017), sets forth the procedure for challenging a municipal annexation.

> (1) Any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. The action may be initiated at the party's option within 30 days following the passage of the annexation or contraction ordinance or within 30 days following the completion of the dispute resolution process in subsection (2).

In *SCA Services of Florida, Inc. v. City of Tallahassee*, 393 So. 2d 35, 36 (Fla. 1st DCA 1981), the court held that a prior version of this statute allowed a petition challenging an annexation ordinance to be filed thirty days from the passage of the ordinance, not the voter referendum. "The thirty day time limitation of section 171.081 is designed for the purpose of allowing any complaint challenging the procedures leading to passage of an annexation ordinance to be brought to the attention of a municipality *prior to the expense of a referendum.*" *Id.* at 36-37 (emphasis added). Furthermore, as also noted in *SCA,* "the limited judicial review envisioned

by Section 171.081 neatly interacts with Section 171.0413(2)(a), Fla. Stat. (1979), which prohibits a municipality from scheduling a referendum to approve an annexation ordinance until thirty days following passage of the ordinance by the municipality." *Id.* at 37 (alteration added).

Although the statute now contains the word "may" as to when an action can be initiated, it is a choice between bringing a petition after passage of the annexation ordinance or after completion of a newly enacted dispute resolution process. It is not a choice to wait until after the referendum vote. The annexation ordinance in this case was passed on January 4, 2018. The respondents had thirty days from that date to file a petition challenging the ordinance. Instead, they waited until thirty days after the referendum vote to file their petition. This was well past the time allowed under the statute.

Because the language of the statute is clear, the circuit court was without jurisdiction to proceed with the untimely petition challenging the annexation ordinance. We therefore grant the petition, but withhold the issuance of the writ, confident that the court will dismiss the petition in accordance with the conclusion that its jurisdiction was not timely invoked.

CIKLIN and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3