## KANE v. PENNSYLVANIA BROADCASTING CO.
### Civil Action No. 6634.

District Court, D. Pennsylvania.
April 30, 1947.

Robert D. Abrahams, of Philadelphia, Pa., for plaintiff.

Emanuel Weiss, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The gist of the action is stated in the ninth paragraph of the complaint. It is averred that the defendant infringed the plaintiff's copyright "by publishing and placing upon the market certain advertisements entitled 'First Facts,' which appeared in a certain publication called 'Radio Daily,' and which were copied largely from Plaintiff's copyrighted books entitled 'Famous First Facts' and 'More First Facts.'"

It appears from the exhibits attached to the complaint that the defendant used the words "First Facts" as a sort of headline for its advertisements and that in each advertisement complained of it printed one "first fact" which, admittedly, it obtained from the plaintiff's books. The wording of the items, though not exactly the same as that printed in the plaintiff's books, is a good deal like it, but that is unimportant because the various paragraphs of the plaintiff's books are merely the barest possible statements of historical facts, some important and some unimportant, and they could hardly be used at all without rather closely approximating the wording of the plaintiff's paragraphs.

The defendant's advertisements came out on separate days. There was no attempt to adopt the plaintiff's general scheme of collating and presenting the facts which are the meat of the books and consequently no appropriation of any of the various elements of original authorship which have been protected in cases involving statistical lists, catalogs, directories and the like compilations. The defendant has appropriated only two things, first, the name "First Facts" (which is not subject to copyright protection) and, second, the bare facts themselves.

Even under the expanded doctrine of "unfair use" relied on by the plaintiff, the defendant does not infringe. Considering the comparative objects of the respective publications, it appears that they have nothing whatever in common. The defendant is in no sense competing with the plaintiff and the material appropriated by it cannot injure the plaintiff either by prejudicing the sale, diminishing the profits or superseding the objects of the original work. See Ball, Law of Copyright and Literary Property,

308

pages 603-608. In fact, it would almost seem as though the plaintiff's books were intended to be used in some manner similar to that in which the defendant has used them. They are not literary productions to be read as a whole, but serve to place interesting facts in the hands of people who want to know about them or have some use to which they can put them. Of course, the plaintiff does not "own" the facts themselves, but, on no other theory, could he restrain the use which the defendant is making of them.

The complaint may be dismissed.