WINWAR v. TIME, Inc. et al.

Civ. 48–673.

United States District Court
S. D. New York.
March 14, 1949.

Sol Dubow, of New York City, for plaintiff.

Cravath, Swaine & Moore, of New York City (Harold H. Medina, Jr., and Eugene E. Ford, both of New York City, of counsel), for defendant Time, Inc.

GODDARD, District Judge.

That defendant had access to plaintiff's copyrighted book "George Sand & Her Times" is conceded, and it is also admitted that defendant's article contains one passage taken from plaintiff's book which defendant contends was permitted under the "fair use" doctrine. The article also contains a number of similarities of expression which it is alleged were also taken from plaintiff's book. Where these expressions originated and the facts relating to the alleged "fair use" should be determined upon trial of these issues. MacDonald v. Du Maurier, 2 Cir., 144 F.2d 696; Arnstein v. Porter, 2 Cir., 154 F.2d 464; New York Tribune v. Otis & Co., D.C., 39 F.Supp. 67; Simms v. Stanton, et al., C.C., 75 F. 6.

Counsel for defendant cite Ricker v. General Electric Co., 2 Cir., 162 F.2d 141 in support of their motion for summary judgment. That case is to be distinguished from the case at bar concerning an historical narrative. In the Ricker case the Circuit Court said that only plagiarism, not reproduction, infringes and that where similarities relate to expressions of scientific principles which must necessarily be stated in more or less stereotyped language, the inference of plagiarism is greatly weakened.

The motion for summary judgment is denied. Settle order on notice.