**CONSUMERS UNION OF UNITED STATES, INC., Plaintiff,**

v.

**LECTRA SALES CORPORATION, Fred P. Dollenberg, doing business under the trade name and style of Lectra Fuel Igniter Co., Esquire, Inc., Guenther Publishing Corp., Veterans of Foreign Wars of United States and Newsstand Publications, Inc., Defendants.**

United States District Court
S. D. New York.
Sept. 19, 1959.

162

Karpatkin & Karpatkin, New York City (Rhoda Henkrick Karpatkin and Marvin Moses Karpatkin, New York City, of counsel), for plaintiff.

Gettinger & Gettinger, New York City (Irving J. Kaufman, New York City, of counsel), for Lectra Sales Corp. and F. P. Dollenberg.

Cravath, Swaine & Moore, New York City (Harold R. Medina, Jr., New York City, of counsel), for Esquire, Inc.

Henry E. Schultz, New York City (Roger A. Schultz, New York City, of counsel), for Newsstand Publications, Inc.

Francis Leffler, New York City, for Guenther Pub. Corp.

Yellon Banno & Lombardo, Mineola (Herman Yellon, Mineola, of counsel), for Veterans of Foreign Wars of U. S.

MURPHY, District Judge.

Motion to continue a temporary restraining order entered in this action, iter alia, for trademark infringement, and for a preliminary injunction against the publisher defendants is granted.

Plaintiff, a membership corporation, is a testing company which publishes a magazine called Consumer Reports wherein it provides information and advice relating to consumer goods but in which it does not promote commercially any product tested and reported upon. Because of its peculiar nature, plaintiff's good name and good will is its most valuable asset, if not its sole asset. Defendant's two-page advertisement utilizes two words, to wit, "Consumer Reports" which appear once therein and which, whether by design or otherwise, tend to give the reader familiar with plaintiff's magazine the impression that plaintiff has tested and endorsed defendant's product. The act of capitalization by defendant of the two words in its advertisement is explained by it as being a normal practice in connection with parenthetical phrases, and it is in such a phrase that the words in question appear. This, however, does not appear to be a practice with which the reading public is shown to be familiar, and it is the public whose impressions affect plaintiff's successful existence, and it is to plaintiff that irreparable harm demonstrably will ensue if the practice is not enjoined. The coincidence of the publishing practice, or defendants' lack of infringing intent cannot mitigate against the possible injury likely to result therefrom to plaintiff. Nor is plaintiff required to rest upon the assurances of defendants that they will not in the future publish the same advertisement, which moreover, if such intent they have, then the injunction can do them no harm. Cf. John T. Lloyd Laboratories, Inc. v. Lloyd Brothers Pharmacists, Inc., 6 Cir., 1942, 131 F.2d 703, 706.

Settle order by October 1, 1959, and submit therewith an undertaking in the amount of $5,000.