**CONSUMERS UNION OF UNITED STATES, INC., Plaintiff,**

v.

**ADMIRAL CORPORATION, Defendant.**

United States District Court
S. D. New York.
Aug. 23, 1960.

Karpatkin & Karpatkin, New York City, for plaintiff.

Engel, Judge, Miller, Sterling & Reddy, New York City, for defendant.

CASHIN, District Judge.

This is a motion for a preliminary injunction against defendant.

Plaintiff is an independent research and testing organization which tests many products and publishes the results of these tests in the monthly magazine Consumer Reports. It has, for many years, rated products and has designated as a "Best Buy" certain products attaining the required combination of quality and price. Defendant manufactures, among other products, air conditioners, one of which, the 1960 Model 550AC23, has been packaged in cartons upon which has been printed the statement:

> "Rated
> Americas'
> Best Buy
> by Independent
> Research Organization"

Plaintiff claims that a substantial number of Consumer Report readers will be deceived into believing that the Admiral Model 550AC23 has been rated a "Best Buy" by plaintiff. Plaintiff has not rated this air conditioner as a "Best Buy" and further charges that no other independent research organization, other than Consumers Union, rates products with the description "Best Buy".

As Judge Murphy said in Consumers Union of United States, Inc. v. Lectra Sales Corporation, D.C., 179 F.Supp. 161—

> " * * * Because of its peculiar nature, plaintiff's good name and good will is its most valuable asset, if not its sole asset." (at page 162).

Defendant's advertisement tends to give the reader, familiar with plaintiff's magazine, the mistaken impression that plaintiff had labeled defendant's product as its "Best Buy". Defendant gives no explanation for its use of the advertisement in question. Although defendant has stated that it has voluntarily obliterated the legend in question and has designed a new carton which does not contain the legend, plaintiff is not required to rest upon defendant's assurances that it will not in the future publish the same advertisement. Moreover, if defendant has no intention of using the offending advertisement, then no injury ensues to it from the granting of the injunction. John T. Lloyd Laboratories, Inc. v. Lloyd Brothers Pharmacists, Inc., 6 Cir., 1942, 131 F.2d 703, 706.

The motion for a preliminary injunction is granted.

Settle order and submit therewith an undertaking in the amount of $5,000.