**CONSUMERS UNION OF UNITED STATES, INC., Plaintiff,**

v.

**HOBART MANUFACTURING COMPANY and Speed Queen Atlantic Company, Inc., Defendants.**

United States District Court
S. D. New York.
Dec. 4, 1961.

Karpatkin & Karpatkin, New York City, Marvin Moses Karpatkin and Rhoda Hendrich Karpatkin, New York City, of counsel, for plaintiff.

White & Case, New York City, Werner Janssen, Jr., New York City, and Thompson, Hine & Flory, Cleveland, Ohio, of counsel, for defendant Hobart Mfg. Co.

Moses Block, New York City, for defendant Speed Queen Atlantic Co.

THOMAS F. MURPHY, District Judge.

Defendant Hobart moves for summary judgment.

We will presume a familiarity with Judge Dimock's opinion (D.C., 189 F. Supp. 275, 278) denying plaintiff's motion for a preliminary injunction.

Judge Dimock almost held that the quoted parts in defendants' Bulletin copied from plaintiff's report were not protected by copyright. He did not have to on such a motion, but we have no hesitancy in so holding and in adopting his language: "In no instance did material which was copied into the Bulletin have any original literary form which would entitle it to copyright protection. Each item was a bald statement of fact which could hardly have been stated in any different fashion. I am faced with an attempt to clothe with copyright protection a compilation of facts. It cannot be gainsaid that that is one of the functions of the copyright system. A man who has tramped the streets and compiled a directory can, by copyrighting the product, obtain protection against a competitor who merely copies his work. He could not, however, obtain protection against someone who published an article upon the distribution of residents in relation to national origin and who used a compilation from the directory for locating the concentrations of persons bearing names characteristic of the various national origins. The directory cases are exceptions to the rule that facts are not a proper subject of copyright. That exception does not go so far, however, as to prohibit non-competitive use of facts set forth in a copyrighted collection. See Kane v. Pennsylvania Broadcasting Co., D.C.D.Pa., 73 F.Supp. 307."

Plaintiff insists that a question of fact exists, viz., whether the copying was lawful or unlawful. Defendant admits the copying but says that what it copied was not copyrightable. It is clear to us that this is a question of law, viz., whether the admitted copied parts were in fact copyrightable. We hold, as Judge Dimock said, that these expressions are quite pedestrian with no independent creative stature. They describe facts and nothing more and could hardly have been stated in any different fashion.

Holding, as we do, that the parts copied were not copyrightable in the first instance disposes of what would, on the issue of infringement, be questions of fact, viz., whether the defendant's use was "fair use" and whether plaintiff's notice of copyright was in compliance with the statute, but is not dispositive of the motion for summary judgment.

Plaintiff also pleads a claim for unfair competition and incorporates by reference all of the allegations in his claim for copyright infringement, plus allegations of misstatements and extra-

contextual excerpts. While we have some misgivings as to whether or not there is any "competition" between the parties (cf. Judge Moore's dissent in Lincoln Restaurant Corp. v. Wolfies Rest. Inc., 2 Cir., 291 F.2d 302, 305) we are satisfied that on this claim there remain questions of fact that must be resolved at trial. Even though these facts might be minimal we cannot say that there is not the slightest doubt as to them and, accordingly, the motion for summary judgment must be denied with respect for the claim for unfair competition and granted insofar as it is addressed to the claim for copyright infringement.

These are orders. No settlements are necessary.