**Mary Boyd HIGGINS, as Trustee of the Wilhelm Reich Infant Trust Fund, Plaintiff,**

v.

**Elsworth F. BAKER, M.D., and Crowell Collier & Macmillan, Inc. d/b/a the Macmillan Company, New York, Defendants.**

No. 68 Civ. 793.

United States District Court,
S. D. New York.

Oct. 30, 1969.

Memorandum on Motion for Reargument Jan. 26, 1970.

Leonard Kolleeny, New York City, for plaintiff.

Linden & Deutsch, New York City, for defendants; David Blasband, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff, trustee of the Wilhelm Reich Infant Trust Fund, by verified complaint dated February 26, 1968 seeks, *inter alia*, a permanent injunction and money damages pursuant to 28 U.S.C. § 1338 because of defendants' alleged infringement of certain copyrights held

by plaintiff in her capacity as trustee. Plaintiff claims that defendant Dr. Elsworth F. Baker, a former student and close associate of the late Dr. Wilhelm Reich, and the two defendant publishing companies, have committed literary larceny by publishing Dr. Baker's book, "Man In The Trap", which infringed copyrights on numerous books and writings published by Dr. Reich.

Defendants contend that the alleged similarity between "Man In The Trap" and Dr. Reich's works is insubstantial and, further, that any reproduction of Reich's works appearing in Dr. Baker's book is defensible as "fair use". Based upon these contentions and a claim that plaintiff has commenced this action with "unclean hands", defendants move pursuant to Fed.R.Civ.P. 56 for summary judgment.

█ Recent decisions in this circuit have determined the issue of "fair use" on motions for summary judgment. Time Inc. v. Bernard Geis Associates, 293 F.Supp. 130 (S.D.N.Y. 1968); see Berlin v. E. C. Publications, Inc., 329 F. 2d 541, 9 A.L.R.3d 612 (2d Cir.), cert. denied, 379 U.S. 822, 85 S.Ct. 46, 13 L. Ed.2d 33 (1964). However, such determination should only be made when the facts are fully exposed without dispute and both parties seek summary judgment. Time Inc. v. Bernard Geis Associates, supra 293 F.Supp. at 144. In the instant suit, unlike the situation presented in the Time case, there is little agreement as to the facts and only defendants seek summary judgment. Plaintiff, in her 9(g) statement, required by the General Rules of this Court, specifically contends that there exist material issues of fact as to, inter alia, the intended use to be made of Dr. Reich's books, the accuracy of defendant Baker's computations as to the quantity of copying, and the present use made of Dr. Baker's book.

█ While many of the cases cited by defendants in their memorandum of law in support of this motion may support a finding that the alleged reproduction of Dr. Reich's works in "Man In The Trap" constitutes "fair use", it would be premature to determine this issue before trial. Professor Nimmer, in his treatise on the law of copyright, suggests that the issue of "fair use" presents questions of fact and thus should not be determined on a motion for summary judgment. M. Nimmer, Nimmer on Copyright § 138, at 600 (1969). Judge Murphy of this court has ruled in consonance with this sound view in Consumers Union of United States, Inc. v. Hobart Mfg. Co., 199 F.Supp. 860, 861 (S. D.N.Y. 1961); accord, Winwar v. Time Inc., 83 F.Supp. 629 (S.D.N.Y.1949); New York Tribune, Inc. v. Otis & Co., 39 F.Supp. 67 (S.D.N.Y.1941).

█ Although the issue of "insubstantial similarity" is often determined on a motion for summary judgment, see Nimmer on Copyright, supra § 138 at 599, I find many underlying issues of fact which prevent me from doing so herein. Even assuming the accuracy of defendants' computations which indicate that only .8 per cent of Reich's works were copied, this does not conclusively establish the insubstantiality of the copying. Similar material, however small in quantity, may still be deemed substantial if qualitatively important, Nimmer on Copyright, supra § 143.12 at 629, and the determination of the copied material's qualitative importance is an issue of fact that can best be determined at trial. See Fristot v. First American Natural Ferns Co., 251 F.Supp. 886 (S. D.N.Y.1966); Malkin v. Dubinsky, 146 F.Supp. 111 (S.D.N.Y.1956). Additionally, I cannot rule as a matter of law that simply because the material allegedly copied is of a scientific nature it was permissible for defendants to convert it to their own use without plaintiff's consent. Trial by affidavit is an inappropriate method of determining whether defendants were justified in copying Reich's works simply because the works of both doctors are scientifically similar. Both the Court of Appeals for this circuit and professor Nimmer have suggested that it is unwise to grant summa-

ry judgment in copyright infringement actions when there is any doubt as to the facts. See Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946); Dellar v. Samuel Goldwyn, Inc., 104 F.2d 661 (2d Cir. 1939); Nimmer on Copyright, *supra* § 138 at 599.

■ Research discloses no persuasive authority wherein summary judgment has been granted to a defendant in a copyright infringement case based solely upon the alleged "unclean hands" of the complainant. Even when such doctrine has been sustained as a defense to an infringement action, it was proved that complainant's conduct consisted, *inter alia*, of either falsifying a court order or misrepresenting to the court the nature and extent of his copyright. See Nimmer on Copyright, *supra* § 149.2 at 664. The alleged transgressions of plaintiff herein are not sufficiently serious to sustain defendants' motion for summary judgment.

Accordingly, and for the foregoing reasons, defendants' motion for summary judgment is denied.

So ordered.

## MEMORANDUM ON MOTION FOR REARGUMENT

TENNEY, District Judge.

Defendants, contending that certain matters and controlling decisions were overlooked by the Court in a prior disposition of this motion, move pursuant to Rule 9(m) of the General Rules of this Court for reargument of their previously denied motion for summary judgment. The facts, having been fully set forth in my previous decision, will not be repeated herein.

The thrust of defendants' reargument is that the material allegedly infringed was not copyrightable. More specifically, it is urged that since the material allegedly copied is restrictive in nature and only capable of a very limited manner of expression, it is not subject to copyright protection.

■ Admittedly, copyright protection does not attach to factual material expressible only in a limited manner. M. Nimmer, Nimmer on Copyright § 29.2, at 129 (1969). This is because the subject matter of the material would be appropriated if its expression were allowed to be copyrighted. That is, if such circumscribed material were protected by copyright, a monopoly would result on the expression of an idea or fact, and our copyright laws do not envision the private appropriation of such narrow subject matter. Morrissey v. Procter & Gamble Co., 379 F.2d 675 (1st Cir. 1967); Consumers Union of United States, Inc. v. Hobart Mfg. Co., 199 F. Supp. 860 (S.D.N.Y.1961); Ricker v. General Elec. Co., 68 U.S.P.Q. 371 (S.D. N.Y.1946), aff'd 162 F.2d 141 (2d Cir. 1947).

■ Further, it is often proper (as it was in the above-cited cases) to determine whether as a matter of law, the writings allegedly infringed are protected by copyright. In the instant suit, however, no such determination can be made since a threshold issue of fact must be resolved; that is, whether the writings, allegedly infringed, admitted of only a limited manner of expression. It should be noted here that the Court does not suggest departure from the well-rooted principle that the issue of copyrightability is one of law, but rather submits that the present posture of the instant suit precludes determination of this issue since it must initially be determined whether the material allegedly infringed was in fact subject to severely limited means of expression. As the latter issue is one of fact, it may not be determined on a motion for summary judgment.

The above-cited cases are distinguishable in that issues of fact did not underlie the determination of copyrightability. In Morrissey v. Procter & Gamble Co., *supra*, the Court compared two simple sets of contest rules and determined that copyright protection could not attach to the allegedly infringed rules as they were *patently* capable of only a limited means of expression. In Consumers Union of United States, Inc. v. Hobart

Mfg. Co., *supra* 199 F.Supp. at 861, the sales bulletin which was copied had no original form and was "quite pedestrian with no independent creative stature." This can hardly be said of the books allegedly infringed in this action. In Ricker v. General Elec. Co., *supra* 162 F.2d at 143, the Court found that "proof of copying [was] actually nonexistent". The similarity was apparently coincidental and merely reflected different approaches to identical scientific facts.

In the instant suit, we are not concerned with simple sets of contest rules, and it can not be said that copying is nonexistent or that what was copied was pedestrian and without any independent creative structure. Rather, we are dealing with excerpts from esoteric psychiatric writings which may not summarily be determined to be protected or not. Whether the material allegedly copied by defendant Dr. Baker is so narrow as to permit only similar reexpression, raises a genuine issue of fact that will best be resolved at trial.

Defendants urge that the Court is precluded from making such a finding because plaintiff did not raise any genuine issue of fact in her 9(g) statement[1] or affidavits refuting defendants' contention as to the limited means of expressing Dr. Reich's ideas. It is claimed that amended subdivision (e) of Fed.R. Civ.P. 56 and the cases of Waldron v. Cities Service Oil Co., 361 F.2d 671 (2d Cir.1966), aff'd, sub nom. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569, rehearing denied, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968), United States v. Prince, 348 F.2d 746 (2d Cir. 1965), and Dressler v. MV Sandpiper, 331 F.2d 130 (2d Cir.1964), support this view.

Rule 56(e) provides that:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, * * * must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The notes of the Advisory Committee on Rules reveal that on a motion for summary judgment the pleadings should be pierced, and the proof assessed, in order to determine whether there is a genuine need for trial. It is further noted therein that the amendment was not designed to affect ordinary standards applicable to a motion for summary judgment and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented". Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 56 (1960), as amended (Supp.).

From the foregoing, I think it obvious that although an adverse party can not rest on naked denials or pleadings in opposing a motion for summary judgment, it is nevertheless incumbent upon movant to establish to the Court's satisfaction the absence of a genuine issue of fact. This is necessary to satisfy the last sentence of subdivision (e), which essentially states that summary judgment, *if appropriate,* shall be entered against a party who does not affirmatively raise a genuine issue of fact. In essence, then, the Court is obligated to search the record and independently determine whether or not a genuine issue of fact exists. As stated in Cram v. Sun Ins. Office, Ltd., 375 F.2d 670, 673 (4th Cir.1967): "Whether or not a genuine issue of material fact exists is a determination for the court, not the parties * * *."

Thus, the Court does not rely on plaintiff's unsupported denial of defendants' contention that the material allegedly copied required similar expression. Rather, after careful reconsideration of the passages allegedly infringed

1. S.D.N.Y. General R. 9(g).

the Court is not convinced that they are incapable of more varied means of expression. This presents a genuine issue of fact touching the heart of copyrightability.

The Court has considered the extensive affidavits submitted by defendants, and is impressed with the arguments presented therein. However, these affidavits remain untested. That is, whether the allegedly copied passages could only be expressed in a narrowly circumscribed manner will best be determined at trial after testimony is given and subjected to the rigorous scrutiny of cross-examination. Affidavits are obviously incapable of similarly thorough testing and inspection and, therefore, should not be dispositive of central issues of fact.

Additionally, defendants again raise the issue of fair use. As I previously indicated, however, this presents questions of fact which should not be determined on a motion for summary judgment. Consumers Union of United States, Inc. v. Hobart Mfg. Co., *supra;* Nimmer on Copyright, *supra* § 138 at 600; see Rosemont Enterprises, Inc. v. Random House, Inc., 366 F.2d 303, 307, 310 (2d Cir.1966), cert. denied, 385 U.S. 1009, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967).

Further, the issue of insubstantial similarity is again raised. Even assuming the public domain status of 20 per cent of the material allegedly infringed, and that only .8 per cent of Dr. Reich's works was copied, this does not preclude a finding of substantial similarity for, as previously indicated, similar material however small in quantity may be deemed substantial if qualitatively important. Nimmer on Copyright, *supra* § 143.12 at 629. Determining the qualitative import of the allegedly copied material presents an issue of fact best determined at trial. Fristot v. First American Natural Ferns Co., 251 F.Supp. 886 (S.D.N.Y.1966); Malkin v. Dubinsky, 146 F.Supp. 111 (S.D.N.Y.1956).

In conclusion, I find defendants' argument based on plaintiff's "unclean hands" still without merit.

Accordingly, and for the foregoing reasons, defendants' motion for summary judgment is in all respects denied.

So ordered.