AMANA REFRIGERATION,
INC., Plaintiff,

v.

CONSUMERS UNION OF UNITED
STATES, INC., Defendant.

No. C 76–16.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

April 28, 1977.

James C. Nemmers, Stephen J. Holtman, Cedar Rapids, Iowa, for plaintiff.

C. W. Garberson, Cedar Rapids, Iowa, Michael N. Pollet, Marshall H. Beil, New York City, for defendant.

McMANUS, Chief Judge.

This matter is before the court on plaintiff's resisted motion to dismiss defendant's counterclaims, filed November 30, 1976 and defendant's resisted cross motion for partial summary judgment, filed January 19, 1977.

The relevant undisputed facts are that defendant is the owner of a copyrighted article which appeared in defendant's magazine, Consumer Reports, in 1968. The article gave defendant's generally favorable research results concerning the safety of plaintiff's microwave oven. In April, 1973 defendant published an unfavorable article on plaintiff's microwave oven which plaintiff became aware of in March, 1973. Plaintiff then printed over two hundred thousand copies of a brochure used to offset the effects of the unfavorable article. The brochure directly quoted the 1968 article but did not mention the unfavorable 1973 article. Defendant wrote plaintiff requesting that it stop circulation of the brochure because it infringed defendant's copyright and misled consumers. Plaintiff responded with this lawsuit.

Plaintiff claims defendant's common law false advertising counterclaim must allege special damages, is preempted by federal copyright law, and is barred by Iowa's two year statute of limitation for injury to reputation. Plaintiff claims defendant's Lanham Act counterclaim fails to allege a cause of action under that act and is also barred by Iowa's two year statute of limitations.

Federal copyright law preempts only state unfair competition laws which clash with federal law. *Goldstein v. California,* 412 U.S. 546, 93 S.Ct. 2303, 37 L.Ed.2d 163 (1973).

The fact that defendant's principal business asset is reputation does not convert defendant's unfair competition (false advertising) claim into an action for damage to reputation under Iowa's two year statute of limitations requiring defendant to plead special damages. Plaintiff's dismissed injurious falsehood claim was not an action for unfair competition. Defendant's unfair competition claim is governed by Iowa's five year statute of limitations. § 614.1(4) Code of Iowa (1977).

The false representations covered by the Lanham Act include misleading statements, partially correct statements and failure to disclose material facts. *Skil Corp. v. Rockwell International Corp.,* 375 F.Supp. 777 (N.D.Ill.1974). Failure of the complaint to set forth specific facts to support its Lanham Act claim is not sufficient

ground for dismissal under the Federal Rules of Civil Procedure. *See, Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Lanham Act counterclaim involving plaintiff's alleged misleading brochure is not essentially an action for damage to defendant's reputation to be barred by Iowa's two year statute of limitations. Plaintiff's motion to dismiss defendant's counterclaims must therefore be denied.

■ Defendant's cross motion for summary judgment on its Lanham Act and unfair competition claims must be denied due to the material factual issue of whether anyone was misled by the brochure. *See, Skil, supra.*

Summary judgment on defendant's copyright infringement counterclaim is appropriate, however. Viewing the facts in the light most favorable to plaintiff and giving plaintiff the benefit of all reasonable inferences to be drawn from the underlying facts, *Percival v. General Motors Corp.,* 539 F.2d 1126 (8th Cir. 1976), the court finds that plaintiff's defenses of invalidity of the copyright and fair use fail to raise a genuine issue of material fact.

■ The Amana promotion brochure which defendant claims infringes its copyright is entitled "Let's Talk About the *Safety* of the Radarange Oven". The brochure includes various expert opinions on the

safety of microwave ovens and then directly quotes a full paragraph of defendant's 1968 article.[1] Plaintiff claims the quoted portion of defendant's article is not copyrightable because it is merely a bald statement of fact without originality.[2] The excerpt, however, is more than mere statement of fact. It contains defendant's original analysis and conclusion and is copyrightable and use by others for economic gain may properly be enjoined. *Consumers Union v. Theodore Hamm Brewing. Co., Inc.,* 314 F.Supp. 697 (D.Conn.1970).[3]

■ Fair use includes criticism and comment.[4] However, it is clear from the face of the brochure that plaintiff's use of the 1968 article was not a criticism or comment on either the 1968 or 1973 article. Had plaintiff referred to both articles in an attempt to show defendant's inconsistent position on microwave ovens fair use might be involved. But plaintiff's affidavits notwithstanding, the only possible conclusion to be reached from a reading of the brochure is that plaintiff was attempting to convey the impression that defendant approved of plaintiff's microwave oven as of 1973 when the exact opposite was true. The fact that some considered defendant's 1973 analysis of microwave ovens overly aggressive does not make plaintiff's commercial use of the 1968 article fair.

---

1. The brochure reads in part:
   This is the November, 1968 report by Consumer Reports:
   "We're glad to report that Amana has constructed the Radarange with all due respect to the danger potential of high-frequency microwave radiation; tests made by a consulting laboratory indicated that the radiation leakage was well within generally accepted limits. The interlock system effectively shuts off the power when the door is open, and when you close the door, you must push a restart button each time. No exterior parts of the range become excessively hot."

2. *See, Consumers Union v. Hobart Mfg. Co.,* 199 F.Supp. 860 (S.D.N.Y.1961) and *Consumers Union v. Hobart Mfg. Co.,* 189 F.Supp. 275 (S.D.N.Y.1960) where the court initially found that even if 80 sales bulletins containing the excerpts "KitchenAid judged above average in overall convenience of use; drying ability satisfactory; and relatively quiet," and "available in

white but choice of colors and front panel materials on special order at extra cost" from defendant's magazine involved a technical violation of copyright it would not warrant a preliminary injunction. The court ultimately found the excerpts to contain no independent creative stature.

3. For other reported cases in which defendant has successfully enjoined use of its name or ratings in promotion of a product *see Consumers Union v. Admiral Corp.,* 186 F.Supp. 800 (S.D.New York 1960); *Consumers Union v. Lectra Sales Corp.,* 179 F.Supp. 161 (S.D.New York 1959).

4. The judicial doctrine of fair use is given express statutory recognition for the first time in § 107 of the new Copyrights Act. P.L. 94–553 (Eff. Jan. 1, 1978). The Act sets forth the various elements of a fair use defense of which only criticism and comment are relevant here.

Nor can the court discern a genuine issue of fact concerning whether the brochure was the type of critical sales bulletin found uninfringing in *Hobart*. *Hobart* involved bulletins directly criticizing Consumer Reports' findings. The brochures here involved contain no criticism of Consumers Reports. And again plaintiff's affidavits notwithstanding, the court can only conclude that the brochure was promotion literature which contained no comment or criticism of alleged inaccuracies in the 1973 article.

Defendant requests that the issue of damages be reserved.

It is therefore

ORDERED

1. Defendant's motion for summary judgment on its copyright claim granted.

2. Plaintiff and its officers, agents and employees are enjoined from further printing or distribution of Amana brochure entitled "Let's Talk About the *Safety* of the Radarange Oven", Amana form No. 3724R–1.

3. All other motions denied.