**HOMEWOOD THEATRE, Inc., et al. v. LOEW'S Inc. et al.**

Civ. No. 2698.

United States District Court
D. Minnesota, Fourth Division.

Sept. 27, 1951.

Lee Loevinger and Larson, Loevinger, Lindquist & Freeman, all of Minneapolis, Minn., for plaintiffs.

Joseph W. Finley, Mandt Torrison and Bundlie, Kelley, Finley and Maun, all of St. Paul, Minn., for Minnesota Amusement Co. and Paramount Pictures, Inc.

David Shearer and Shearer, Byard, Trogner & Peters, all of Minneapolis, Minn., for remaining defendants.

NORDBYE, Chief Judge.

The sole issue now before the Court is, Does Section 541.07(5) of the Minnesota Statutes apply to civil anti-trust actions brought by private individuals to recover

damages for alleged anti-trust violations? Section 541.07 provides,

"The following actions shall be commenced within two years;

*   *   *   *   *   *

"(5) For the recovery of wages, overtime, *damages*, fees or penalties accruing under any federal or state law respecting the payment of wages, overtime, damages, fees or penalties, (the term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists)." (Emphasis supplied.)

■ Defendants contend that the word "damages" includes damages sought in *any* action which arises under a federal or state statute. Plaintiffs contend that the word includes only damages sought in a *wage* action which arises under a federal or state statute. Section 541.07(5) does not expressly indicate the scope or application of the term. Consequently, the meaning is not clear and interpretation is proper, and that interpretation must be made in light of the history and purpose of the statute. For "the conditions that have prompted its enactment may sometimes assist in throwing light on the meaning of its language or the scope of its application." Kendall v. Keith Furnace Co., 8 Cir., 1947, 162 F.2d 1002, at 1006.

■ Section 541.07(5) was enacted in Minnesota, as were similar ones in many other states, when the so-called portal to portal actions were flooding the court calendars and public opinion was becoming concerned about the number of those actions which were being tardily instituted. No federal statute of limitations was applicable to them at that time, so the State Legislature took action. The legislative history of the Act shows that the wage action features were the principal, if not the only, considerations urged upon the legislative committee. That limitation on wage actions was the motivating force and purpose of the statute seems free from doubt. This statute was designed and intended to be limited to actions for wages, damages and penalties arising out of the employer-employee relationship.

■ Moreover, the words "wages" and "overtime", which commence the phrase involved here, obviously refer to wage actions and the scope of their application must be so limited. The word "penalties", which ends the phrase, likewise must be so limited in its scope of application. Otherwise, it would be repetitious of Section 541.06(2), M.S.A., which refers generally to penalties arising under other statutes. It is well settled that a word must be interpreted in light of the words with which it is used, and applying the rule of noscitur a sociis, the word "damages", as used in the Act, necessarily refers to and is applicable only to the class and kind embraced in the term "wages and overtime."

Granted, as indicated in Peterson v. Parsons, D.C.Minn.1947, 73 F.Supp. 840, and Smith v. Cudahy Packing Co., D.C. Minn.1947, 73 F.Supp. 141, that this statute applies to wage claims other than those which arise under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., but such construction is entirely consistent with the scope of the statute as intended by the Legislature. However, to apply the statute to proceedings under the anti-trust statutes would not only be contrary to legislative intent, but would be an unreasonable and unwarranted interpretation of the language used.

■ Defendants urge that the word "damages" should be applied literally, but a literal interpretation cannot be applied when it is inconsistent with the purpose of the statute and the meaning and scope of the words with which it is found.

In view of these premises, therefore, defendants' attempt to plead Section 541.07(5) as a defense cannot be sustained. Its motion to amend, therefore, is denied to that extent. It is so ordered.

An exception is reserved to the defendants.