**GENERAL CORPORATION,**
Plaintiff,

v.

**GENERAL MOTORS CORPORATION,**
Defendant.

Civ. No. 2713.

United States District Court
D. Minnesota, Third Division.
April 12, 1956.

Harry H. Peterson, Eugene A. Rerat, Minneapolis, Minn., C. Paul Smith, St. Paul, Minn., for plaintiff.

Cant, Taylor, Haverstock, Beardsley & Gray, Franklin D. Gray and Robert F. Henson, Minneapolis, Minn., for defendant, Daniel Boone, Detroit, Mich., of counsel.

DONOVAN, District Judge.

Plaintiff commenced an action for treble damages against the defendant, based on violation of the Sherman Anti-Trust Act.[1] Counsel agree that in private suits under the anti-trust laws, where Congress is silent on limitation of time to commence suit, the period within which actions under such statute must be instituted is governed by local law.[2]

Defendant, by answer, pleads the Minnesota Statute of Limitations.[3] Plaintiff is now before the Court seeking to strike that defense. Counsel disagree on whether the Minnesota two-year, or six-year, limit should govern.

The basic question for decision in this motion is interpretation of the amend-

[1.] Section 7, 15 U.S.C.A. § 15 note.

[2.] Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743.
Counsel devote much of their argument to whether the damages under the federal law herein are compensatory or in the nature of a penalty or forfeiture.

The division of authority is pointed out in Fulton v. Loew's, Inc., D.C.Kan., 114 F.Supp. 676. The pertinent inquiry in the instant case, however, is the effect of the 1953 legislation dealing with the Minnesota Statute of Limitations.

[3.] 32 M.S.A. §§ 541.07 and 541.071.

ment to the Statute of Limitation by the Minnesota Legislature in 1953. Prior to 1953, the pertinent provisions read as follows:

"541.05 Various cases, six years

"The following actions shall be commenced within six years:

"(1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

"(2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture."

"541.07 Two year limitations

"The following actions shall be commenced within two years:

\* \* \* \* \* \*

"(2) Upon a statute for a penalty or forfeiture to the state;

\* \* \* \* \* \*

"(5) For the recovery of wages, overtime, damages, fees or penalties accruing under any federal or state law respecting the payment of wages, overtime, damages, fees or penalties, (the term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists)."

The 1953 applicable amendments read as follows:

"541.05 Various cases, six years

"The following actions shall be commenced within six years:

"(1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

"(2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture *or where a shorter period is provided by section 541.07*. [Emphasis supplied.]"

"541.07 Two year limitations

"The following actions shall be commenced within two years:

\* \* \* \* \* \*

"(2) Upon a statute for a penalty or forfeiture;

\* \* \* \* \* \*

"(5) For the recovery of wages *or* overtime *or* damages, fees or penalties accruing under any federal or state law respecting the payment of wages *or* overtime *or* damages, fees or penalties, (the term 'wages' as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists *and the term 'damages', as used herein, shall mean single, double or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists*). [Emphasis supplied.]"

What is the effect of such amendments?

Prior to the amendments by the 1953 Legislature, Subsection (5) of Section 541.07 was limited in its application to actions for wages, and was not to extend to treble damage actions under the Clayton Act.[4] Counsel for defendant contends that the amendment of 541.07(5) was designed by the Minnesota Legislature to make it applicable to other statutory actions, in addition to those for wage claims. Plaintiff contends such construction of the amendment as urged by defendant amounts to a repeal of section 541.05(2) by court construction, and that it is well settled that "a construction which will nullify a statute, in whole

---

4. Homewood Theatre, Inc., v. Loew's, Inc., D.C.Minn., 101 F.Supp. 76.

or in part, is to be avoided if reasonably possible." [5]

Plaintiff emphasizes that:

"In order to avoid complete nullification of Section 541.05(2) by construction it is necessary to hold, in accordance with the obvious legislative intention, that Section 541.07 (5) as amended does not apply to a cause of action upon U.S.C.A., Title 15, Section 15. The application of Section 541.07(5), as amended, should be restricted accordingly in order to avoid judicial repeal of Section 541.05(2) and the re-enacted portions of Section 541.07(5). Such a construction would give effect to the entire amendatory statute, L. 1953, c. 378."

In response, defendant argues as follows:

"First of all, it will be noted that to Subsection 2 of Section 541.05, the six year statute of limitations, a further exception was added, to-wit: 'or where a shorter period is provided by section 541.07.' This new clause makes it very clear that actions upon a liability created by statute may be commenced within six years except those arising upon a penalty or forfeiture or except in the case of those statutes for which a shorter period is provided by Section 541.07."

The interpretation of this section of the statute and the effect of the amendments by the 1953 Legislature are of such importance as to require great care in approaching the solution of the problem. The instant case appears to be one of first impression.

After full consideration of the arguments of counsel and the able briefs they submitted, the Court is satisfied that the intent of the amendments was to provide a two year limitation of an action such as this, whether it be re-garded as an action upon a statute for the recovery of a penalty, or whether it be considered instituted upon a remedial statute for damages only.

The motion of the plaintiff is therefore denied.

---

5. 6 Dunnell Minnesota Digest (2d Ed. and Supp.1932), § 8950, cited by the Minnesota Supreme Court in Tomasko v. Cotton, 200 Minn. 69, 273 N.W. 628, 631.

Plaintiff cites in addition:

Cohen v. Gould, 177 Minn. 398, 225 N.W. 435, and 50 Am.Jur. Statutes.