CHARLES RUBENSTEIN, Inc., a corporation, and Rubenstein & Kaplan, a partnership of Abraham A. Kaplan, Charles Rubenstein, Anna Rubenstein; and Charles Rubenstein and Anna Rubenstein as Trustees for Arnold Rubenstein and Sheldon Rubenstein, d/b/a Hollywood Theatre, Plaintiffs,

v.

COLUMBIA PICTURES CORPORATION, a corporation, Loews' Incorporated, a corporation, Minnesota Amusement Company, a corporation, Paramount Film Distributing Corporation, a corporation, RKO Radio Pictures, Inc., a corporation, Twentieth Century-Fox Film Corporation, a corporation, United Artists Corporation, a corporation, Universal Film Exchanges, Inc., a corporation, Warner Bros. Pictures Distributing Corporation, a corporation, Defendants.

Civ. No. 4332.

United States District Court
D. Minnesota, Fourth Division.
July 5, 1957.

See also 14 F.R.D. 401.

Mandt Torrison and Bundlie, Kelley & Maun, St. Paul, Minn., appeared in behalf of the Minnesota Amusement Co., in support of said motion.

Lee Loevinger and Larson, Loevinger, Lindquist, Freeman & Fraser, of Minneapolis, Minn., appeared in behalf of plaintiffs in opposition thereto.

NORDBYE, Chief Judge.

In substance it may be stated that the motion of defendant Minnesota Amusement Company is that, as to it, damages herein be limited to those accruing within two years prior to the commencement of this action, or, in the alternative, that the limitation period be set at six years. In view of this Court's decision in Homewood Theatre v. Loew's, Inc., D.C., 1951, 101 F.Supp. 76, that the six-year statute of limitations is applicable to antitrust suits brought upon claims arising in Minnesota, it follows that only the alternative motion of the defendant need be considered.

This action was brought on November 6, 1952, against eight motion picture distributors and this moving defendant to recover treble damages for the violation of the Sherman Act, 15 U.S.C.A. § 1 et seq., and the Clayton Act, 15 U.S.C.A. § 12 et seq. MAC was incorporated in 1932 and was a wholly owned subsidiary of one of the defendants in this action. For the purposes of this motion, it must be deemed to have entered into the conspiracy alleged in the complaint in violation of the antitrust laws, at least as early as 1936. Furthermore, it appears from the allegations of the complaint that MAC was one of the instruments, so to speak, by which the parent corporation named as a defendant herein benefited from the conspiracy. It is conceded that the parent corporation, as well as the other distributor defendants, are subject to the tolling of the statute of limitations which was suspended when the Government brought an antitrust action against the parent company of MAC and the seven other defendants herein on June 20, 1938. The government suit now has been terminated as to all of these distributor defendants, but the suit was terminated at different times as to each defendant. The question presented to this Court is whether or not the tolling statute operates against MAC, which was not a party to the Government's suit. If it does, then the damages can be sought from MAC for a period prior to six years from the date of the commencement of this action, that is, prior to November 6, 1946. The tolling statute, 15 U.S.C.A. § 16, reads as follows,

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

It is plaintiffs' contention that this statute tolls the period of limitation on all suits arising out of any matter complained of in the government litigation. But obviously the "matter complained of" pertains to the matters which were in issue between the Government and the named defendants. It would be a surprising theory of construction if the tolling of the statute applies to one who is not a party to the government litigation. It must be remembered that one of the primary purposes of this statute was to give private litigants the benefit of decrees in the government litigation. No decree has been entered as to MAC. The conclusion that the tolling statute applies only to the named defendants in the government litigation is in harmony

with the views indicated by the courts which have considered this question. Sun Theatre Corp. v. RKO Radio Pictures, 7 Cir., 1954, 213 F.2d 284, 292; Electric Theater Co. v. Twentieth Century-Fox Film Corp., D.C.W.D.Mo., 1953, 113 F.Supp. 937, 945; Christensen v. Paramount Pictures, D.C.Utah, 1950, 95 F.Supp. 446, 455.

But plaintiffs argue that if the above construction of the tolling statute is sound, it does not follow that the six-year limitation statute is available to MAC because it was sued within the applicable six-year period of the statute and is responsible, according to plaintiffs' contention, for the total damage sustained by the plaintiffs, although such damages began to accrue as early as 1936. Plaintiffs rely upon the well-known principle of conspiracy law as enunciated in 11 Am. Jur. 580, Conspiracy, § 48,

> "The connection between the parties having been established, whatever was done in pursuance of the conspiracy by one of the conspirators is considered as the act of all the conspirators; all are equally liable therefor as joint tortfeasors, regardless of whether they were original parties to the conspiracy and irrespective of either the fact that they did not actively participate therein or the extent to which they benefited thereby."

Plaintiffs recognize that if MAC terminated its participation in the conspiracy more than six years prior to the filing of the complaint, this action as to it would be barred, but they assert the argument that, having been sued within the six-year period and because the acts and deeds of the conspirators are evidentiary admissible as to all conspirators who may have entered into the conspiracy later, the damages which accrued during the entire impact of the conspiracy is likewise a burden which MAC must assume. In this regard, it must be remembered that the conspiracy itself is not actionable. The statute of limita-

tions does not begin to run from the date of the inception of the conspiracy. Rather, it begins from the date when an overt act of the conspirators produces damages. A continuing conspiracy as such is not actionable. It is the impact of the conspiracy which gives rise to a claim for damages, and it is the date of such impact of the wrong engendered by the conspiracy from which this statute of limitations begins to run. Imputing to a fellow conspirator the deeds and acts of his co-conspirators may perchance continue over a period of many years, but the wrong caused by the conspiracy sets in motion the applicable statute of limitations. Deeds and acts of fellow conspirators which are not followed by an overt act causing injury are not affected by the statute of limitations. One may be responsible for the acts and deeds of one conspirator if a co-conspirator, with knowledge of the purposes and objects thereof, enters into and upon the unlawful scheme, but to sustain an action for damages against such co-conspirator, it must be enforced by the commencement of an action within the statutory period after the damage complained of has occurred. Assume, for instance, that there are three conspirators and the conspiracy continues over a period which exceeds the applicable statute of limitations. However, two of the conspirators are not amenable to suit because of their absence from the jurisdiction of the Court and the statute of limitations by a state enactment is tolled as to them. The resident conspirator is not deprived of the applicable limitation statute merely because the statute has been tolled as to his fellow conspirators, although the acts and conduct of each of the conspirators extends over a period in excess of the six-year statute and may be proven in establishing the inception and continuing nature of the conspiracy. In absence of the tolling of the statute of limitations as to MAC by reason of Section 16, Title 15 U.S.C.A., there is no rational basis for the assumption that the imputation of the acts of the conspirators to a co-con-

spirator also embraces the tolling of the statute which may apply to one or more of the co-conspirators. Imputation to one conspirator of the onus of the acts of his fellow conspirators does not abrogate the particular statute of limitation which may be available to any one of the conspirators. This principle seems so patent and evident, and plaintiffs have cited no case to the contrary. Reference is made, however, to certain language found in Walder v. Paramount Publix Corp., D.C. S.D.N.Y.1955, 132 F.Supp. 912, 920. Two of the defendants in that case, Paramount Pictures Corporation and American Broadcasting-Paramount, maintained that the complaint should be dismissed as to them because they were not formed until 1949 and could not be held for acts committed by other conspirators before they came into existence. In rejecting this contention, the court stated,

> "* * * This contention overlooks the fact that these defendants are charged with having joined a conspiracy continuing from 1928 to the filing of the complaint. Under well established principles of conspiracy law, they may be held as fully liable as the original or earlier participants in the conspiracy."

It should be noted, however, that in view of the factual situation therein, the import of the paragraph is not to the effect that general conspiracy law abrogates the effect of the statute of limitations. The court held that general conspiracy law imposes upon a latecomer to the conspiracy liability for prior acts of damage inflicted by other conspirators, but the case does not hold that this principle deprives the latecomer of the defense afforded him by the statute of limitations. The paragraph cited was written to answer the defendants' contention that liability could not be imposed upon them for acts done before they joined the conspiracy; it was not written to abolish the statute of limitations as to defendants who were latecomers to the conspiracy.

It follows from the foregoing that plaintiffs' claim for damages herein as to Minnesota Amusement Company is limited to a period of six years prior to November 6, 1952, the date of the commencement of this action. It is so ordered. An exception is allowed.