## CITY OF MINNEAPOLIS v. DONALD EVERETT SMITH.

217 N. W. 2d 848.

May 3, 1974—No. 44453.

*Dorian W. Zaske,* for appellant.

*Keith M. Stidd,* City Attorney, and *Frank C. LaGrange,* Assistant City Attorney, for respondent.

PER CURIAM.

This is an action for restitution. The issue on defendant's appeal from judgment is whether plaintiff's cause of action is barred by Minn. St. 541.07(5). We hold that it is not.

The facts are these: In February 1971, the city of Minneapolis commenced an action in Hennepin County District Court against defendant, a former employee, to recover a total of $590.07 in vacation and sick-leave overpayments mistakenly made to defendant during February and March 1968. Defendant moved to dismiss the complaint on the ground that it stated a cause of action barred by the expiration of the 2-year period of limitation provided in Minn. St. 541.07(5). The district court denied this motion, holding that the 6-year period of limitation provided in Minn. St. 541.05(1) applied. Thereafter, the matter was transferred to municipal court pursuant to Minn. St. 484.015, and the case proceeded to trial and judgment for plaintiff.

Minn. St. 541.05(1) provides that any action "[u]pon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed" must be commenced within 6 years. Plaintiff's action, being one for restitution of money paid, is contractual or quasi-contractual in nature. See, Restatement, Restitution, § 5, and Restatement, Restitution, Minn. Ann. pp. 9-11. Therefore, the 6-year limitation applies unless some other limitation is expressly prescribed.

Defendant, in contending that another limitation is expressly prescribed, points to Minn. St. 541.07(5), which prescribes a 2-year period of limitation in actions for "the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties." Defendant also points to Kohout v. Shakopee Foundry Co. 281 Minn. 401, 162 N. W. 2d 237 (1968), in which we held that § 541.07(5), rather than § 541.05 (1), governs both common-law and statutory actions by employees for withheld vacation pay.

We believe that the 2-year limitation provided in § 541.07(5) does not apply because the present action is not an action by an employee for recovery of wages; rather, it is an action for restitution of money paid, over and above wages, to which employee was in no way entitled. We base this conclusion not only on the language of the statute but also upon our understanding of the legislature's intent in passing this statute. See, in addition to Kohout v. Shakopee Foundry Co. *supra,* General Corp. v. General Motors Corp. 140 F. Supp. 219 (D. Minn. 1956), and Homewood Theatre v. Loew's Inc. 101 F. Supp. 76 (D. Minn. 1951).

Affirmed.