FOX CHEMICAL CO., a Minnesota Corporation, Plaintiff,

v.

AMSOIL, INC., a Minnesota Corporation, and Albert Amatuzio, Defendants.

Civ. No. 3–77–481.

United States District Court, D. Minnesota, Third Division.

March 1, 1978.

Gerald A. Kennedy, Patrick J. Neaton, Minneapolis, Minn., for plaintiff.

Stuart W. Rider, Jr., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

. The parties make various motions in this action charging violations of federal and state antitrust laws and the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff Fox Chemical Co. (Fox) was a manufacturer and distributor of synthetic oil, as Amsoil now is, until November 1974 when it ceased operations allegedly due to defendant Amsoil's attempts to illegally drive Fox out of business primarily through the use of misrepresentations concerning Amsoil's own products.

The motions to be resolved are as follows:

(1) Amsoil's motion to amend its answer to include the defense of the statute of limitations to Fox's Lanham Act claim (Claim III of plaintiff's complaint);

(2) Amsoil's motion for summary judgment based on that defense to plaintiff's Lanham Act claim;

(3) Amsoil's motion to dismiss for failure to state a claim as to plaintiff's claims under 15 U.S.C. § 1 (restraint of trade), § 2 (monopolization), and § 1125(a) (false advertising in violation of the Lanham Act);

(4) Fox's motion to dismiss Amsoil's counterclaim for libel as not being within the court's subject matter jurisdiction and as being barred by the statute of limitations. The motions will be considered in the above order.

### AMSOIL'S MOTION TO AMEND ANSWER

■ Amsoil seeks to amend its answer to include the defense of the statute of limitations to plaintiff's Lanham Act claim. Fox does not oppose the motion and because Fed.R.Civ.P. 15(a) states that ". . . leave [to amend] shall be freely given when justice so requires," the motion is granted.

### AMSOIL'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LANHAM ACT CLAIM

Defendant moves, pursuant to Fed.R. Civ.P. 56(b), for summary judgment on plaintiff's Lanham Act claim on the ground that it is barred by the statute of limitations. Amsoil argues that a two year period is allowed for such a claim; Fox counters that a six year period applies.

■ The Lanham Act does not have its own statute of limitations and so a federal court must look to state law for the period which best effectuates the federal policy at issue. *Vanderboom v. Sexton,* 422 F.2d 1233 (8th Cir. 1970). In doing so, the court may look to the local statute which bears the closest resemblance to the federal statute involved and then apply the limitation period applicable to it. *Bailey v. Piper,*

*Jaffray & Hopwood, Inc.,* 414 F.Supp. 475 (D.Minn.1976); *Buchholtz v. Swift & Company,* 62 F.R.D. 581 (D.Minn.1973).

Fox alleges that the Lanham Act gives rise to a private cause of action for anyone injured when a manufacturer makes misrepresentations about his *own* product. Amsoil denies this construction of the Act (see its motion to dismiss below) but for now we assume this is correct. The state analogue to this interpretation of the Act is Minn.Stat. 325.907 Subd. 3a (1976) which allows any party injured by a violation of Minn.Stat. 325.905 (1976) (prohibition of false advertising) to recover damages in a civil action for such injury. Unfortunately, this state statute does not contain a statute of limitations thus requiring a decision as to which of Minnesota's two general statutes of limitation would apply to this statutory cause of action.

Amsoil urges that Minn.Stat. 541.07(5) (1976) is applicable. It allows a two year period:

> For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages <u>or</u> overtime <u>or</u> damages, fees or penalties. (The term "wages" as used herein shall mean all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists <u>and the term "damages," as used herein, shall mean single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists</u>). (Underlined portions were added in 1953).

Fox argues that Minn.Stat. 541.05(2) (1976) applies. It sets a six year period:

Upon a liability created by statute, other than those arising upon a penalty or forfeiture <u>or where a shorter period is provided by section 541.07.</u> (Underlined portion added in 1966).

Significantly, both sections were amended in 1966 (see below).

Prior to its 1953 amendment 541.07(5) (two year period) was held applicable to wage actions only in all cases where the question arose.[1] All cases but two which have dealt with the statute since its 1953 amendment (see underlined portions, *supra*) have also regarded it as applying only to wage actions.[2] One exception is *Bailey v. Piper, Jaffray & Hopwood, supra,* where the court in dictum characterized 541.07(5) as a "general catch-all limitations provision." The other is *General Corporation v. General Motors Corporation,* 140 F.Supp. 219 (D.Minn.1956) where the court without reasoning held the statute set a two year limitation for a Sherman Antitrust violation. It is upon this case alone that defendant relies. No other cases, state or federal, have been found which are on point and we are not persuaded, without more, that *General Corporation, supra,* accurately states the law. Thus, the principal issue is whether the state legislature meant a state action analogous to plaintiff's Lanham Act claim to be barred by the two year statute of limitations, 541.07(5).

At first reading the statute seems to deal primarily with actions for wages as Judge Neville said in *Klapmeier v. Peat, Marwick, Mitchell & Co.,* 363 F.Supp. 1212 (D.Minn. 1973). But upon a closer reading, the meaning becomes less clear thanks to the enigmatic "or's" added by the legislature in 1953. As the Minnesota Supreme Court said, "[w]hat the legislature intended by omitting the commas and adding the words or, we are at a loss to understand." *Kohout*

---

1. *Homewood Theatre v. Loew's, Inc.,* 101 F.Supp. 76 (D.Minn.1951); *Allum v. Federal Cartridge Corp.,* 225 Minn. 438, 30 N.W.2d 705 (1948), *Smith v. Cudahy Packing Co.,* 73 F.Supp. 141 (D.Minn.1947); *Peterson v. Parsons,* 73 F.Supp. 840 (D.Minn.1947).

2. *Worwa v. Solz Enterprises, Inc.,* 238 N.W.2d 628 (Minn.1976); *City of Minneapolis v. Smith,* 300 Minn. 86, 217 N.W.2d 848 (1974); *Roaderick v. Lull Engineering Company, Inc.,* 296 Minn. 385, 208 N.W.2d 761 (1973); *Buchholtz v. Swift & Co.,* 62 F.R.D. 581 (D.Minn.1973); *Klapmeier v. Peat, Marwick, Mitchell & Co.,* 363 F.Supp. 1212 (D.Minn.1973); *Kohout v. Shakopee Foundry Co.,* 281 Minn. 401, 162 N.W.2d 237 (1968).

*v. Shakopee Foundry Co.,* 281 Minn. 401, 403, 162 N.W.2d 237, 239 (1968). It was on the basis of this case that Judge Neville in *Klapmeier, supra,* held that the statute dealt primarily with wages. Nevertheless, if read literally the statute would provide a two year period of limitations ":[f]or the recovery of . . . damages . . . accruing under *any* federal or state law respecting the payment of . . . damages . . . or penalties." [3]

As noted above, both statutes were amended in 1966. The result was that a six year limitation applied to liabilities "created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07." Minn. Stat. 541.05(2) (1976). A two year period was still imposed "upon a statute for a penalty or forfeiture," Minn.Stat. 541.07(2) (1976), and for the recovery of wages, etc., Minn.Stat. 541.07(5) (1976) (the section at issue). If one reads 541.07(5) as applying only to wage actions then, a scheme emerges whereby liabilities created by statute are barred after six years unless the liability arises upon a penalty or forfeiture or arises from a wage context and then the period is two years.

But if we were to adopt defendant's view of 541.07(5), then *all* liabilities created by statute would be covered by a two year period because 541.07(5) literally reads "[f]or the recovery of damages . . . accruing under *any federal or state law respecting the payment of . . . damages . . . .*" In effect, such a construction of 541.07(5) would render superfluous Minn.Stat. 541.05(2) (1976) which prescribes a six year period "[u]pon a liability created by statute . . . ." It would also render superfluous part or all of Minn. Stat. 541.07(2) (1976) setting a two year period "[u]pon a statute for a penalty or forfeiture," for 541.07(5), by its terms, also covers penalties.

■ "A statute is to be construed so as to give it full effect, when reasonably possible. In other words, a construction which will nullify a statute, in whole or in part, is to be avoided if reasonably possible." 17B M. Dunnell, *Dunnell Minnesota Digest,* § 8950, p. 374 (3rd ed. 1970); Minn.Stat. 645.16 et seq. (1976). We are not persuaded that it was the legislature's intent to nullify in whole or in part 541.05(2) and 541.07(2) when it amended 541.07(5) in 1953 and both limitations statutes in 1966 leaving intact 541.05(2) and 541.07(2). We agree with Judge Neville that 541.07(5) as amended in 1953 was still meant to deal with wage actions and not actions such as the one now before us.

■ Finally, if we accept plaintiff's construction of the Lanham Act as covering false advertising by a manufacturer, our conclusion is strengthened that the legislature meant a six year period to apply. Such a construction essentially states a cause of action most closely related to fraud and such actions in Minnesota are only barred after six years. Minn.Stat. 541.05(6) (1976). We see no reason why common law and statutory fraud would be treated differently by the legislature. We therefore deny defendant's motion for summary judgment and hold that plaintiff's Lanham Act claim is governed by Minn.Stat. 541.05(2) (1976).

## AMSOIL'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

These motions go to plaintiff's three federal claims: 15 U.S.C. § 1 (restraint of trade), § 2 (monopolization), and § 1125(a) (Lanham Act).

Defendant argues that plaintiff has alleged only a conspiracy to restrain trade between Amsoil and its president Albert Amatuzio and that such a conspiracy is not outlawed by 15 U.S.C. § 1. That section applies only to conspiracies between a cor-

---

**3.** Judge Donovan seems to have relied upon the parenthetical definition of "damages" at the end of 541.07(5) in reaching his decision in *General Corporation* that a two year period was applicable to a federal antitrust claim. However, this definition neither expands nor narrows the meaning of the word "damages" as used in the body of the statute and thus is not determinative of the types of actions to which 541.07(5) is applicable.

poration and others not associated directly with the corporation, according to defendant.

■ In essence, this is a pleading problem with Amsoil claiming Fox has not plead enough. Fox, on·the other hand, points to its allegation that Amsoil sold its products through a "pyramid" distribution system where the final sale is made to a customer by a salesman who receives his products from a "distributor" who in turn may receive his products from another "distributor" or the company itself. Plaintiff alleges in its brief that the conspiracy was between Amsoil and its distributors and that the complaint can be so read. While not absolutely clear in that regard, we agree with plaintiff, keeping in mind that pleadings are to be liberally construed. If Amsoil is actually alleging that it does not understand the complaint sufficiently, more details can be gained by interrogatories. Defendant's motion to dismiss plaintiff's Claim I, Count I is denied.

■ Essentially the same problem exists as to Claim I, Count II wherein plaintiff alleges Amsoil sought to create a monopoly in violation of 15 U.S.C. § 2. Amsoil contends Fox has failed to allege that Amsoil either had the power or intent to monopolize. Fox rejoins that in paragraph 5 of its complaint it alleged "defendants held a dominant position . . . in [the] marketing area" and in paragraph 7 that it "attempted to coerce manufacturers and distributors of competing . . . synthetic oils into selling their . . . businesses to defendants." We conclude that these are sufficient allegations to state a claim under 15 U.S.C. § 2 and we deny defendant's motion to dismiss.

Defendant's motion to dismiss Fox's Lanham Act claim is based on the premise that the Act does not create a private cause of action against one who falsely advertises his own products. The pertinent portion of 15 U.S.C. § 1125(a) reads:

> Any person who shall . . . use in connection with any goods . . . any false description or representation, including words or symbols tending falsely to describe or represent the same, and shall cause such goods . . . to enter into commerce, . . . shall be liable to a civil action by any person . . . who believes that he is or is likely to be damaged by the use of any such false description or representation.

■ Despite this rather clear language, defendant argues that in order to state a claim under the Lanham Act a party must allege both a misrepresentation *and* "palming off," i. e. that the wrongdoer meant his product to be taken for his competitor's. A few older decisions have so held, *see, e. g., Chamberlain v. Columbia Pictures Corp.,* 186 F.2d 923 (9th Cir. 1951), but the majority of courts and the Eighth Circuit hold that allegations of false advertising and resulting injury are sufficient to state a claim under the Lanham Act. *L'Aiglon Apparel v. Lana Lobell, Inc.,* 214 F.2d 649 (3rd Cir. 1954), *Potato Chip Institute v. General Mills, Inc.,* 333 F.Supp. 173 (D.Neb. 1971), affm'd. 461 F.2d 1088 (8th Cir. 1972). In addition, the legislative history of the Act states that one of its purposes is "to protect the public from imposition by the use of . . . false trade descriptions." 1946 U.S.Code Cong.Service, p. 1276. Therefore, defendant's motion to dismiss is denied.

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S LIBEL COUNTERCLAIM

Plaintiff moves to dismiss defendant's libel counterclaim as not being within this court's subject matter jurisdiction and also as being barred by the statute of limitations.

Plaintiff argues that the libel counterclaim is not between diverse citizens and that it does not involve a federal question so as not to be within this court's usual subject matter jurisdiction. Defendant does not dispute this. Plaintiff also alleges that the counterclaim is not within our ancillary jurisdiction for it is not a compulsory counterclaim. Plaintiff reasons that it is not compulsory for it does not involve plaintiff's federal claim under the Lanham Act

and because the counterclaim is the subject of a pending state court action.[4]

First, we reject plaintiff's argument that a compulsory counterclaim is not "compulsory" as defined by Rule 13(a) simply because it is the subject of a pending state court action. Rule 13(a)(1) gives a party the option of pressing his claim or not if it is already being asserted in another forum. It does not define a compulsory counterclaim to be one which has never been asserted before. The authorities agree that a counterclaim can still be treated as compulsory and thus within the court's ancillary jurisdiction even though the subject of a pending action. 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1411 (1971); *H. L. Peterson Co. v. Applewhite*, 383 F.2d 430 (5th Cir. 1967); *Avondale Shipyards, Inc. v. Propulsion Systems, Inc.*, 53 F.R.D. 341 (E.D.La.1971).

The principal issue then is whether defendant's counterclaim "arises out of the transaction or occurrence that is the subject matter of . . . [plaintiff's Lanham Act] . . . claim . . . ." The most widely accepted test of this is whether the counterclaim is logically related to the claim being asserted by the opposing party. 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1410 (1971). A claim has a logical relationship to the original action:

> [i]f it *arises* out of the same aggregate of operative facts as the original claim . . . [in the sense] . . . that the same aggregate of operative facts serves as the basis of both claims . . . *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970). (Emphasis in original.)

The facts giving rise to plaintiff's accusation of false advertising by defendant (the Lanham Act claim) were defendant's representations about the properties of its synthetic oils. Plaintiff alleges here, and alleged previously in a published pamphlet, that those representations were false. Defendant sued plaintiff in state court alleging libel by plaintiff due to its publication of the pamphlet. It now asserts the same libel action here as a counterclaim. It seems apparent that plaintiff's Lanham Act claim and defendant's libel claim stem from the same aggregate of operative facts, i. e. defendant's representations about its oils. This is sufficient to state a compulsory counterclaim under Rule 13(a) which is within our ancillary jurisdiction. We deny plaintiff's motion to dismiss the counterclaim as not within our subject matter jurisdiction.

Plaintiff raises the statute of limitations as a bar to defendant's counterclaim saying more than two years elapsed before defendant raised its libel claim in this suit. Plaintiff does not deny that the same libel action was timely filed in state court.

This is not a case where a plaintiff files an action in one court before the statute of limitations runs and then after it has run files the same claim in another court. Here defendant filed its libel action in state court as a plaintiff before the statute ran. Now, it is making the same claim but in the posture of a defendant being sued in federal court. In a very similar case, the court in *H. L. Peterson v. Applewhite, supra*, held that the policy behind the statute of limitations, to protect a party from a stale claim, would not be defeated by allowing as a counterclaim in federal court after the statute had run the same claim which had been asserted in state court in a timely manner. Additionally, the policy against multiplicity of suits would be promoted for all claims would be decided in either state or federal court depending upon which case was heard first. If we were to dismiss defendant's counterclaim here as barred by the statute of limitations, that would leave the same claim to be decided in state court when it could just as easily be decided here. Plaintiff has alleged no prejudice flowing from

4. Fed.R.Civ.P. 13(a) reads: A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . . *But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action . . . .* (Emphasis added).

assertion of defendant's libel claim here after the statute of limitations has run other than defending in both forums. But it brought that on itself by suing here so we see no prejudice. Plaintiff's motion to dismiss the counterclaim as barred by the statute of limitations is denied.