**PEPSICO, INC., and Wilson Sporting Goods Co., Plaintiffs,**

v.

**DUNLOP TIRE & RUBBER CORPORATION, Defendant.**

**No. 83 Civ. 2317 (RJW).**

United States District Court, S.D. New York.

Jan. 9, 1984.

Friedman & Gass, P.C., New York City, and Howrey & Simon, Washington, D.C., for plaintiffs; Arthur S. Friedman, Peter N. Wang, Dorit S. Heimer, New York City, and Richard T. Colman, Marguerite S. Stephens, Washington, D.C., of counsel.

Yuter, Rosen & Dainow, New York City, Susman, Godfrey & McGowan, Houston, Tex., James Fox, Buffalo, N.Y., for defendant; James David Jacobs, New York City and Gary McGowan, Houston, Tex., of counsel.

ROBERT J. WARD, District Judge.

Plaintiffs, PepsiCo, Inc., ("Pepsico") and its wholly owned subsidiary, Wilson Sporting Goods Company, have filed the instant action against defendant, Dunlop Tire and Rubber Corporation, pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982) ("section 43(a)"). Defendant has moved for an order of this Court dismissing the amended complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P., or, in the alternative, for par-

tial summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiffs oppose this motion and have cross-moved "for summary judgment striking defendant's second alternative defense." The Court considers this application as a motion to strike defendant's second alternative defense for insufficiency as a matter of law, pursuant to Rule 12(f), Fed.R.Civ.P.[1] For the reasons hereinafter stated, plaintiffs' motion is granted and defendant's motion is denied.

## Background

Defendant manufactures, sells and advertises several brands of tennis balls, including the "A Player" tennis ball. Plaintiffs also manufacture and sell tennis balls in the United States and abroad, in competition with defendant.[2] On March 25, 1983, plaintiffs instituted this action alleging that, beginning in 1979, Dunlop had engaged in false advertising in marketing its "A Player" tennis balls, in violation of section 43(a). Defendant moved to dismiss the initial complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the ground that the complaint failed to state a claim upon which relief could be granted. On May 20, 1983, the Court granted defendant's motion and granted leave to plaintiffs to serve and file an amended complaint. On May 31, 1983, plaintiffs filed the First Amended Complaint (the "amended complaint") including certain allegations not present in their initial pleading.

The amended complaint alleges that defendant and plaintiffs are, or have been,[3] competitors in the manufacture and sale of

---

1. See e.g., *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Local 584,* 281 F.Supp. 971, 975 (E.D.N.Y.1968); 2A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 12.21 (2d ed. 1983).

   Rule 12(f) provides:

   Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

2. The amended complaint states that, until approximately December 1981, PepsiCo was engaged, through its Wilson Sporting Goods Co. Division, in the manufacture and sale of tennis balls throughout the United States and abroad. In December 1981, Wilson Sporting Goods Company was incorporated and became a wholly owned subsidiary of PepsiCo. PepsiCo was thus "in competition with Dunlop until such time as its Wilson Sporting Goods Company Division became a separate corporate entity." Amended complaint, ¶ 3.

3. See *supra* note 2.

tennis balls and that defendant sells its "A Player" tennis balls in interstate commerce. The gravamen of plaintiffs' claim is that defendant has allegedly falsely advertised the "A Player" tennis ball by means of false descriptions and misrepresentations regarding both its own product and the tennis balls manufactured by defendant's competitors, including plaintiffs. Plaintiffs assert that such false descriptions and representations have confused and deceived the purchasing public with respect to the characteristics of the tennis balls of both plaintiffs and defendant, and that plaintiffs have suffered and will continue to suffer damages as a result. The amended complaint seeks both damages and an order of this Court enjoining defendants from making further misrepresentations.

On June 14, 1983, defendant filed its motion for an order dismissing the amended complaint on the ground that the claim asserted in the amended complaint is barred by a one-year statute of limitations. Alternatively, defendant seeks partial summary judgment "as to all claims based upon advertisements, descriptions or representations made prior to March 25, 1982." Plaintiffs oppose this motion and have cross-moved for an order striking the second affirmative defense, which is based upon the statute of limitations.

### Discussion

The present motions require this Court to identify, as a matter of first impression, the statute of limitations applicable to suits filed in New York under section 43(a). De-

fendant's motion is premised on its assertion that the one-year period provided in N.Y.Civ.Prac.Law § 215(3) (McKinney's 1972) for, *inter alia,* "libel, slander [or] false words causing special damages" applies to plaintiffs' claims.[4] Plaintiffs argue that the relevant statute of limitations is N.Y.Civ.Prac.Law § 213(8) (McKinney's 1972 and Supp.1983), establishing a six-year period for "an action based upon fraud."[5]

■ The Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising, and "there are no federal statutes of limitations with respect to such claims." 4 R. Callmann, *Unfair Competition, Trademarks and Monopolies* § 22.30 at 141 (1983). To determine the appropriate limitations period for such cases the "court must look to state law for the period which best effectuates the federal policy at issue.... In doing so, the court may look to the local statute which bears the closest resemblance to the federal statute involved and then apply the limitations period applicable to it." *Fox Chemical Co. v. Amsoil, Inc.,* 445 F.Supp. 1355, 1357 (D.Minn.1978) (citing *Vanderboom v. Sexton,* 422 F.2d 1233 (8th Cir.1970) *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970)).[6]

Although no reported decision appears to have determined the precise issue presented in the instant case, *viz,* the limitations period applicable to suits brought in New York under section 43(a) for false advertising, courts in at least three other jurisdictions have identified the statute of limitations applicable to section 43(a) suits filed

---

**4.** N.Y.Civ.Prac.Law § 215(3) provides:
The following actions shall be commenced within one year: ...
3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law.

**5.** N.Y.Civ.Prac.Law § 213(8) provides:
The following actions must be commenced within six years:...
8. an action based upon fraud; the time within which the action must be commenced

shall be computed from the time the plaintiff or the person under whom he claims discovered the fraud, or could with reasonable diligence have discovered it.

**6.** *See also United Parcel Service Inc. v. Mitchell,* 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 61 L.Ed.2d 732 (1981); *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980); *Stull v. Bayard,* 561 F.2d 429, 431 (2d Cir.1977) *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978); *Arneil v. Ramsey,* 550 F.2d 774, 779 (2d Cir.1977).

in those jurisdictions. In two of these cases, the courts applied the local statutes of limitations for causes of action sounding in fraud. *Fox Chemical Co. v. Amsoil Inc.*, 445 F.Supp. at 1359 (claim for false advertising by a manufacturer pursuant to section 43(a) "essentially states a cause of action most closely related to fraud and such actions in Minnesota are only barred after six years"); *Amana Refrigeration, Inc. v. Consumers Union of United States, Inc.*, 431 F.Supp. 324, 325 (N.D. Iowa 1977) (defendant's counterclaim for false advertising under section 43(a) is subject to Iowa's five-year statute of limitations for fraud claims and not the two-year statute of limitations for injury to reputation). The third case to address this issue, *Bedi Photographics Corp. v. Polaroid Corp.*, No. 76–1107 (E.D.Pa. Aug. 11, 1980), applied Pennsylvania's one-year statute of limitations for actions for libel or slander to defendant's counterclaims alleging that plaintiffs' advertisements falsely described plaintiffs' services and therefore violated section 43(a).

■ In identifying the New York statute of limitations which should be applied to plaintiffs' claims under section 43(a) in the instant case, this Court must not merely apply the holdings of cases in other jurisdictions, but rather, it must select that limitations period "which best effectuates the federal policy at issue" in section 43(a). *Fox Chemical Co. v. Amsoil Inc.*, 445 F.Supp. at 1357. The "federal policy at issue" in the Lanham Act, according to section 45, 15 U.S.C. § 1127 (1982), is the protection of "persons engaged in ... commerce against unfair competition" and the prevention of "fraud and deception in such commerce." *See Brockum Int'l. Inc. v. Various John Does*, 551 F.Supp. 1054, 1055 (E.D.Wis.1982). The purpose of section 43(a) was broadly interpreted by the court in *Samson Crane Co. v. Union Nat'l Sales, Inc.*, 87 F.Supp. 218 (D.Mass.1949) *aff'd per curiam*, 180 F.2d 896 (1st Cir. 1950) as follows:

[T]he primary purpose of the Act was to eliminate deceitful practices in interstate commerce involving the misuse of trademarks, but along with this it sought to eliminate other forms of misrepresentations which are of the same general character even though they do not involve any use of what can technically be called a trade-mark. The language of Section 43(a) is broad enough to include practices of this latter class. But the section should be construed to include only such false descriptions or representations as are of substantially the same economic nature as those which involve infringement or other improper use of trademarks.

87 F.Supp. at 222. Quoted with approval in *Bernard Food Indus., Inc. v. Dietene Co.*, 415 F.2d 1279, 1283–4 (7th Cir.1969), *cert. denied*, 397 U.S. 912, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970); *see also Gold Seal Co. v. Weeks*, 129 F.Supp. 928, 940 (D.D.C.1955) *aff'd per curiam sub nom., S.C. Johnson & Son, Inc. v. Gold Seal Co.*, 230 F.2d 832 (D.C.Cir.1956) *cert. denied*, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956) ("[Intervenor's] attempt to analogize Section 43(a) to a libel action, making proof of actual damages unnecessary, is totally without support in law or reason."). In sum, both the text of the statute and the relevant case law reveal that the Lanham Act, and in particular section 43(a), was designed to address claims of deception and misrepresentation, constituting trademark infringement and unfair competition. Although the primary target of section 43(a) is trademark infringement, that section applies as well to those deceptive business practices which, like trademark infringement, attempt to induce consumers to purchase an advertiser's goods by falsely passing them off as the same as, or better than those of a competitor. Such claims can best be analogized to causes of action sounding in fraud. Accordingly, the statute of limitations applicable to the instant case is N.Y. Civ.Prac.Law § 213(8), establishing a six year period for "an action based upon fraud." *Accord, Fox Chemical Co. v. Amsoil, Inc.*, 445 F.Supp. at 1359; *Amana*

*Refrigeration, Inc. v. Consumers Union of United States,* 431 F.Supp. at 325.[7]

Defendant's argument that the one-year limitations period provided in N.Y.Civ. Prac.Law § 215(3) for actions for "libel, slander [or] false words" should apply because "the major portion of the amended complaint alleges that Dunlop both explicitly and implicitly damaged PepsiCo's and Wilson's reputations" is not supported by present interpretations of section 43(a). Reply Memo. at 4. A cause of action for defamation focuses on representations by a defendant about the plaintiff or the plaintiff's goods and services. The gravamen of a section 43(a) claim for false advertising, on the other hand, is that defendant has made "misrepresentations with reference to the inherent quality or characteristic of [his own] product." *Vidal Sassoon, Inc. v. Bristol-Myers Co.,* 661 F.2d 272, 278 (2d Cir.1981). In fact, it has been held repeatedly that section 43(a) is applicable only to false advertising or misrepresentations by an advertiser about his own product or service, and does not cover disparagement by an advertiser of a competitor or a competing product. *Id.; Fur Information & Fashion Council, Inc. v. E.R. Timme & Son, Inc.,* 501 F.2d 1048, 1051 (2d Cir.1974), *cert. denied,* 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974) ("Section 43(a) . . . was intended to apply only to misrepresentations relating to the inherent qualities of defendant's own goods.") (*aff'g* 364 F.Supp. 16, 21 (S.D.N.Y.1973)).[8]

---

**7.** Defendant correctly identifies the six elements necessary to make out a claim of fraud under New York law, *i.e.,* (a) representation of material fact; (b) falsity; (c) *scienter* (knowledge); (d) justifiable reliance; (e) causation; and (f) damages. *See e.g., Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,* 4 N.Y.2d 403, 407, 176 N.Y.S.2d 259, 262, 151 N.E.2d 833, 835 (1958). However, defendant's assertion that "fraud bears almost no resemblance to Lanham Act false advertising," is incorrect. *See* Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint or for Summary Judgment ("Reply Memo."), p. 7. All or most of the six elements of common-law fraud appear to be implicated in a claim for false advertising under section 43(a). To prevail on a section 43(a) claim for false advertising, plaintiffs clearly must demonstrate that defendant falsely represented material facts about its own product. Additionally, plaintiffs must establish that such misrepresentations were made by defendant with the expectation that consumers will rely on such misrepresentations and will thereby be induced to select defendant's product in place of plaintiffs', to the detriment of plaintiffs. *See, e.g., Smith-Victor Corp. v. Sylvania Electronic Products, Inc.,* 242 F.Supp. 302, 312 (N.D.Ill.1965) (To succeed on a claim for damages under section 43(a) for false advertising "plaintiff will have to prove not only that the advertisements were false, but also that they were relied upon by potential customers . . . as a substantial reason for making purchases.") Thus, defendant misconstrues the nature of a claim of false advertising when it asserts that "[t]he only element common both to fraud and the Lanham Act false advertising, is also common to disparagement: a false statement." Reply Memo. at 7.

**8.** *See also Bernard Food Indus., Inc. v. Dietene Co.,* 415 F.2d at 1283 ("False advertising or representations made by a defendant about a plaintiff's product are not covered by section 43(a)."); *Bedi Photographics Corp. v. Polaroid Corp.,* No. 76–1107 at 18 ("The gist of a Lanham Act claim is that defendant made false statements concerning its own products. . . . Statements that one's own products are superior based on the deficiencies in a competitor's product are not proscribed by the Act.") (citing *Bernard Food Indus.*); *Ragold, Inc. v. Ferrero, U.S.A., Inc.,* 209 U.S.P.Q. 835, 844 (N.D.Ill.1980) ("[S]ection 43(a) gives rise to a cause of action for deception in advertising only to the extent that the misrepresentation . . . pertains to the defendant's own product."); *Holsten Import Corp. v. Rheingold Corp.,* 285 F.Supp. 607 (S.D. N.Y.1968) (counterclaim for "false representations made by plaintiff about defendants' product do not fall within purview of" section 43(a).); *Smith-Victor Corp. v. Sylvania Electric Products, Inc.,* 242 F.Supp. at 310 ("Section 43(a) does not refer to . . . false advertising about the plaintiff's product by the defendant. . ."); *Samson Crane Co. v. Union Nat'l Sales, Inc.,* 87 F.Supp. at 221–22. *See Generally, L'Aiglon Apparel v. Lana Lobell, Inc.,* 214 F.2d 649 (3d Cir.1954); *General Pool Corp. v. Hallmark Pool Corp.,* 259 F.Supp. 383 (N.D.Ill.1966); *Glenn v. Advertising Publications, Inc.,* 251 F.Supp. 889, 904–905 (S.D.N.Y.1966); *Gold Seal Co. v. Weeks,* 129 F.Supp. at 940; 2 R. Callmann, *Unfair Competition, Trademarks and Monopolies* § 11.16 (4th ed. 1982 & Supp.1983).

A recent Second Circuit case, *Coca-Cola Co. v. Tropicana Products, Inc.,* 690 F.2d 312 (2d Cir. 1982), does not blunt the effect of these holdings. In that case, a manufacturer of frozen concentrated orange juice brought an action under section 43(a) against a competitor alleging that defendant's television commercials were deceptive because they made incorrect asser-

Thus, defendant's attempt to analogize a section 43(a) false advertising claim to a cause of action for defamation is precluded by the language of the Lanham Act and the cases construing its provisions. Section 43(a) was expressly intended to prevent fraudulent and deceptive business practices. However, as the cases indicate, it does not apply to disparaging statements made by an advertiser about the business or products of a competitor. *See e.g., Bernard Food Indus., Inc. v. Dietene Co., supra* (misrepresentations about competitor's product only); *Samson Crane Co. v. Union Nat'l Sales, Inc., supra* (advertiser falsely represented that its store was being operated for the financial benefit of a labor union, but made no representations as to the quality of the goods carried). Accordingly, the applicable statute of limitations in this case is N.Y.Civ.Prac.Law § 213(8),

tions about the quality and nature of *defendant's* product. The court, citing *Vidal Sassoon, Inc. v. Bristol-Myers Co.,* 661 F.2d 272, 278, reversed the district court's denial of a preliminary injunction and enjoined further broadcast of the advertisements pending the outcome of the litigation. In view of the actual holding in *Coca-Cola,* the instant disposition is not undermined by the Second Circuit's statement in *Coca-Cola* that "the purpose of the [Lanham] Act is to ensure truthfulness in advertising and to eliminate misrepresentations with reference to the inherent quality or characteristic of another's product." 690 F.2d at 318.

**9.** In *Skil Corp. v. Rockwell Int'l Corp.,* 375 F.Supp. 777, 782 (N.D.Ill.1974) the court conceded that section 43(a) is inapplicable to claims by a plaintiff that a defendant, in comparing its product to the plaintiff's, made false representations as to the plaintiff's product only. However, the court concluded that "a cause of action [under section 43(a) ] would clearly have arisen if defendant in its comparison advertising had also made false statements about its *own* product." (emphasis in original) (quoting *Bernard Food Indus v. Dietene,* 415 F.2d at 1284). In the instant action, the amended complaint asserts that defendant's advertisements contained false descriptions concerning both defendant's "A Player" tennis balls, and the tennis balls sold by defendant's competitors, including plaintiffs. Amended complaint ¶¶ 7, 8, 10. Thus, if plaintiffs are able to establish at trial that defendant's advertisements contained false representations or descriptions regarding *defendant's* "A Player" tennis balls, plaintiffs may well be entitled to judgment pursuant to section 43(a).

providing for a six year limitations period "for an action based upon fraud," and defendant's second affirmative defense must be stricken as legally insufficient.[9]

## Conclusion

Inasmuch as the amended complaint alleges no cause of action prior to 1979, plaintiffs' claims are not time-barred by the six-year limitations period established in N.Y.Civ.Prac.Law § 213(8). Consequently, defendant's motion for an order dismissing the complaint or for partial summary judgment is denied. Plaintiffs' motion for an order striking defendant's statute-of-limitations defense is granted.[10]

The parties are directed to complete discovery in this action by March 8, 1984 and to file a joint pre-trial order by April 5, 1984.

It is so ordered.

**10.** Plaintiffs also urge this Court to impose sanctions on defendant's counsel pursuant to 28 U.S.C. § 1927 (Supp.1983) on the ground that defendant's "motion was frivolous and was made in bad faith." Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss Amended Complaint and for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Summary Judgment at 13 (June 21, 1983). Section 1927 provides that an "attorney . . . who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs." Conduct which may subject counsel to being assessed personally for costs includes "an intentional departure from proper conduct," *United States v. Ross,* 535 F.2d 346, 349 (6th Cir.1976); "a serious and studied disregard for the orderly processes of justice," *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir.1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); and actions taken in "bad faith," *West Virginia v. Charles Pfizer & Co.,* 440 F.2d 1079, 1092 (2d Cir.1971), *cert. denied,* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971). Inasmuch as defendant's motion presents an issue of law which has not previously been addressed in a reported decision, and, in view of the fact that there exists at least one case supporting defendant's position, the conduct of defendant's counsel does not fall within the purview of section 1927 under any of the standards delineated above. Accordingly, plaintiffs' request for reimbursement of their attorneys' fees, costs and expenses in connection with the present motions is denied.